UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, | Case No. 2:26-cv-10451-LJM-DRG |
| Plaintiff, | |
| | Hon. Laurie J. Michelson |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities, | |
| Defendants. | |

### PLAINTIFF JANE DOE'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

For the reasons stated herein, Plaintiff respectfully requests that the Court grant leave for Plaintiff to proceed as "Jane Doe," direct the Clerk to caption this matter accordingly, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, Michigan 48226
(844) 835-2993
carla@aikenslawfirm.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities,

    Defendants.

Case No. 2:26-cv-10451-LJM-DRG

Hon. Laurie J. Michelson

## **PLAINTIFF JANE DOE'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

TABLE OF AUTHORITIES

**Cases**

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) .......................... 5, 7
*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) ................................... 4, 5
*D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016) ....................................................................................... 5
*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ................................................................................... 4
*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983) ......................................... 5
*Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016) ............ 5, 7

Plaintiff Jane Doe ("Plaintiff"), by counsel, moves for leave to proceed under a pseudonym and, in support, states as follows:

## I.  BACKGROUND

This action challenges Defendants' handling of Plaintiff's academic-integrity proceedings and related disability-related allegations. Plaintiff is an undergraduate student. The Complaint and supporting filings necessarily discuss Plaintiff's mental health conditions, treatment, and related accommodations – matters that are highly personal and sensitive.

Public disclosure of Plaintiff's identity would immediately link her name to allegations of academic dishonesty and to detailed mental health information. That linkage would create substantial, irreparable reputational and educational harm, including harm to Plaintiff's ability to pursue transfers, graduate study, and future employment. Once Plaintiff's identity is publicly associated with these allegations, the harm cannot be undone, even if Plaintiff prevails on the merits. *See* **Exhibit A – Plaintiff's Declaration**.

Defendants are not prejudiced by anonymity. Defendants are aware of Doe's true identity and she will litigate this case in good faith through counsel. Defendants will be able to conduct discovery and defend this case fully.

Pursuant to Federal Rule of Civil Procedure 10(a), Federal Rule of Civil Procedure 5.2(e), and E.D. Mich. LR 5.3, Plaintiff Jane Doe ("Plaintiff"), by counsel, moves *ex parte* for leave to proceed under a pseudonym and for permission to file Plaintiff's true name and contact information under seal.

In support, Plaintiff states as follows: Counsel's Certification of Concurrence (E.D. Mich. LR 7.1(a)). Because this action is being initiated and Defendants have not yet appeared, concurrence could not be obtained[1]. Plaintiff therefore brings this motion *ex parte*.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides that the title of the complaint "must name all the parties," and courts recognize a strong presumption of open judicial proceedings. In the Sixth Circuit, however, a court may permit a party to proceed under a pseudonym where the party's privacy interests substantially outweigh the presumption of openness. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In *Porter*, the Sixth Circuit considered factors including whether the plaintiff challenges governmental activity, whether the plaintiff would be compelled to disclose matters of the "utmost intimacy," and whether identification would place the plaintiff at risk of criminal prosecution. *Id*. (citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)). District courts also consider the risk of retaliatory or stigmatic harm, the age and vulnerability of the plaintiff, the public interest in the litigation, and whether anonymity would unfairly prejudice the defendants. *See, e.g., Porter*, 370 F.3d at 560; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

In evaluating whether to allow pseudonymity, courts consider factors including whether the plaintiff challenges governmental activity, whether the plaintiff would be compelled to disclose matters of the "utmost intimacy," whether the litigation compels the plaintiff to disclose an intention to violate the law, and whether the plaintiff is a child. *Porter*, 370 F.3d at 560 (citing *Doe*

---

[1] Plaintiff's counsel has exchanged emails regarding this case with counsel for the University of Michigan.

*v. Stegall*, 653 F.2d 180 (5th Cir. 1981)). These considerations are not exclusive. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The burden remains on the plaintiff to demonstrate that the need for anonymity substantially outweighs the presumption of open judicial proceedings and any risk of unfairness to the opposing party. *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016).

To the extent Plaintiff seeks to file limited identifying information under seal (a sealed notice of her true name and contact information), E.D. Mich. LR 5.3 requires a compelling reason and a request narrowly tailored to serve that interest. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). Plaintiff's request meets that standard because it is limited to the minimum information necessary to effect service and administer the case while protecting Plaintiff from unnecessary disclosure of sensitive medical and mental health information and resulting stigmatic injury.

### III. ARGUMENT

#### A. Plaintiff's Privacy Interests Substantially Outweigh The Presumption Of Openness.

First, Plaintiff challenges governmental activity. The University of Michigan is a public institution, and Plaintiff seeks review of actions taken by a public university and its officials. That context weighs in favor of allowing pseudonymity where, as here, disclosure would add nothing of substance to the public's understanding of the claims but would cause severe personal harm. *Porter*, 370 F.3d at 560.

Second, the filings in this matter involve matters of the utmost intimacy. This case cannot be litigated without discussion of Plaintiff's mental health conditions, treatment, and disability-related accommodations. *See Porter*, 370 F.3d at 560; *Stegall*, 653 F.2d at 185. Courts in this District apply that "utmost intimacy" framework and permit pseudonymity where the record would otherwise force disclosure of intensely private facts. *See Doe v. Streeter*, 20-cv-11609-MFL-APP (E.D. Mich. Nov. 12 2020).

Third, public identification would work a severe stigmatic and reputational injury. A public record linking Plaintiff by name to alleged academic dishonesty and to mental health information would follow her indefinitely, including in future educational and professional settings. Once disclosed to third parties, that harm cannot be fully cured by later relief, even if Plaintiff prevails. Moreover, claims of academic dishonesty, where she has not done that which she was accused of, would constitute irreparable harm that will affect Doe's ability to practice professionally as a physician, as information would readily be available online. These realities strongly support pseudonymity.

    **B.**    **Anonymity Will Not Prejudice Defendants Or The Public.**

Defendants can fully defend this action without public disclosure of Plaintiff's identity. Plaintiff will file a sealed notice containing her true name and contact information, and Defendants will receive the same identifying information through service and/or counsel. The public will retain meaningful access to the Court's docket and decisions because the legal claims, arguments, and rulings will remain public.

### C. The Requested Sealing Is Limited And Satisfies E.D. Mich. L.R. 5.3.

Plaintiff does not seek to seal the Complaint or the merits filings wholesale. Plaintiff requests only that her true name and contact information be filed under seal in a separate notice. This narrow approach aligns with the Sixth Circuit's requirement that any sealing be supported by compelling reasons and be no broader than necessary. *Rudd Equip.*, 834 F.3d at 593–94; *Brown & Williamson*, 710 F.2d at 1179. Any exhibits containing identifying information can be filed in redacted form on the public docket and unredacted under seal only to the extent required.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (1) granting leave for Plaintiff to proceed publicly as "Jane Doe"; (2) directing that the case caption and docket reflect "Jane Doe" in place of Plaintiff's true name; (3) authorizing Plaintiff to file, under seal, a separate notice stating Plaintiff's true name and contact information; (4) authorizing Plaintiff to provide Plaintiff's true identity to Defendants through service and/or counsel; and (5) granting such other relief as the Court deems just and appropriate.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave for Plaintiff to proceed as "Jane Doe," direct the Clerk to caption this matter accordingly, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
*Attorney for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, I filed the foregoing document using the Court's electronic filing system. Service will be made via Rule 4 for parties who have not appeared.

*/s/ Carla D. Aikens*
