**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE

     Plaintiff,

vs.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in her
individual and official capacities;
CHRISTINE O'NEIL, Deputy
Assistant Dean of OSAA, in her
individual and official capacities,

     Defendants,

Case No. 26-cv-10451

Hon. Laurie J. Michelson

_____

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
313-739-3597
cblack618@gmail.com
Proposed Intervenor, Pro Se

CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
615 Griswold St., Ste. 709
Detroit, MI, 48226
carla@aikenslawfirm.com
Attorney for Plaintiff, Jane Doe

_____

**1**

**PROPOSED INTERVENOR CHARLES BLACKWELL'S MOTION
TO INTERVENE FOR THE LIMITED PURPOSE OF CHALLENGING
PLAINTIFF'S USE OF A PSEUDONYM**

COMES NOW Proposed Intervenor, Charles Blackwell, proceeding pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 24(b) for leave to intervene for the limited purpose of challenging Plaintiff's use of a pseudonym. Movant Blackwell seeks only to present argument concerning the public's First Amendment and common-law rights of access.

In support of this motion, Movant Blackwell states as follows:

1. On February 9, 2026, Plaintiff filed a four-count complaint under the pseudonym "Jane Doe" against the Regents of the University of Michigan and individual defendants asserting claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. § 1983. (Complaint, ECF No. 1).

2. On February 17th, 2026, the Plaintiff filed a motion for a protective order seeking permission to proceed using a pseudonym. (Motion for Protective Order, ECF No. 3).

3. The public and the press possess a qualified First Amendment and common-law right of access to judicial proceedings, including the public access to the identities of litigants.

Consistent with E.D. Mich. LR 7.1(a), Proposed Intervenor Charles Blackwell sought concurrence in the relief requested herein by email to Plaintiffs' counsel, Attorney Carla Aikens, on February 13, 2026, at 3:22 p.m. The email explained the nature of the public's First Amendment right of access to judicial proceedings—including the presumptive right to know a litigant's real name—and advised of Movant Blackwell's intention to intervene for the limited purpose of challenging Plaintiff's use of a pseudonym.

Attorney Aikens responded at 3:25 p.m., stating, "I'm sorry, who are you representing?" At 3:31 p.m., Movant Blackwell clarified that he represents only himself as a member of the public seeking to vindicate the public's First Amendment right of access. Attorney Aikens has not provided concurrence or otherwise substantively responded. Accordingly, concurrence was sought but not obtained, necessitating the filing of this Motion.

## RELIEF SOUGHT

WHEREFORE, for the reasons specified in the attached Brief in Support, Movant Blackwell respectfully requests that this Court enter an order allowing him to permissively intervene in this matter for limited

purposes of challenging Plaintiff's attempt to proceed in this case under a pseudonym.

/s/CharlesBlackwell

Dated: February 17th, 2026

**4**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JANE DOE                                      Case No. 26-cv-10451

      Plaintiff,                         Hon. Laurie J. Michelson

vs.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in her
individual and official capacities;
CHRISTINE O'NEIL, Deputy
Assistant Dean of OSAA, in her
individual and official capacities,

      Defendants,

_____

**BRIEF IN SUPPORT OF PROPOSED INTERVENORS' CHARLES
BLACKWELL MOTION TO INTERVENE**

i

## STATEMENT OF ISSUES PRESENTED

1. Whether Proposed Intervenor Charles Blackwell should be permitted to intervene permissively as a member of the public for the limited purpose of challenging Plaintiff's attempt to proceed in this case under a pseudonym in violation of the public's First Amendment and common law right to know a litigant's identity?

   Proposed intervenor answers: Yes.

-

# TABLE OF CONTENT

STATEMENT OF ISSUES PRESENTED ..................................................... ii

INTEREST OF PROPOSED INTERVENOR CHARLES BLACKWELL ...... iii

TABLE OF AUTHORITIES ........................................................... vi

CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................... ix

INTRODUCTION ....................................................................... 1

ARGUMENT ........................................................................... 2

  I.  The Plaintiff's Use of a Pseudonym Is Substantively Unwarranted and Violates the Public's First Amendment Right of Access. ...........................3

    1.  Plaintiff Doe Cannot Satisfy the Sixth Circuit's *Doe v. Porter* Factors Required to Proceed Under a Pseudonym. ...........................................3

  II.  Plaintiff Cannot Clear Her Name While Proceeding Anonymously. Courts Typically Require Litigants Alleging They Have Been Falsely Accused to Proceed Under Their Real Names. .....................................10

  III.  The Proposed Intervenor Should Be Granted Permissive Intervention for the Limited Purpose of Challenging Plaintiff's Improper Use of a Pseudonym in Violation of the Public's First Amendment Right of Access. ................................................................................ 11

  IV.  The Court Should Waive Rule 24(c)'s Technical Requirement of an Attached Pleading in the Interest of Judicial Economy and Substantial Justice. ...................................................................................13

CONCLUSION...................................................................... 14

CERTIFICATE OF SERVICE ................................................... 15

## INTEREST OF PROPOSED INTERVENOR CHARLES BLACKWELL

Proposed Intervenor, Charles Blackwell, is a local government watchdog and transparency advocate who regularly monitors judicial

proceedings and seeks enforcement of the public's First Amendment and common-law rights of access to court records. Mr. Blackwell has consistently pursued transparency in the United States District Court for the Eastern District of Michigan, particularly in matters involving sealing and pseudonym practice.

Movant Blackwell has successfully moved to unseal judicial records in multiple federal proceedings in the Eastern District of Michigan, including:

- *United States v. Carnord Gordon* (case no. 20-mc-50789) (ECF No. 2) (Friedman, J.) (granting motion to unseal);
- *United States v. Tiffany Lipkovitch* (case no. 22-mc-51426) (ECF No. 1) (Michelson, J.) (granting motion to unseal);
- *United States v. Steven Bishop* (case no. 22-cr-20636) (ECF No. 45) (Leitman, J.) (granting motion to unseal);
- *United States v. Alan Markovitz* (case no. 23-mc-51361) (ECF No. 6) (Parker, J.) (granting motion to unseal); and
- *United States v. Brian Brown* (case no. 25-mc-50925) (ECF No. 10) (Patti, M.J.) (granting in part motion to unseal).

In addition, Mr. Blackwell has previously sought permissive intervention for the limited purpose of challenging pseudonym orders in civil litigation, including:

- *Hale v. University of Detroit Mercy* (case no. 24-cv-11106) (ECF No. 8) (motion to intervene); and
- *Doe v. The Board of Regents of the University of Michigan* (case no. 21-cv-13032) (ECF No. 8) (motion to intervene).

Through these efforts, Movant Blackwell has demonstrated a concrete and ongoing interest in ensuring that federal court proceedings remain open and accessible to the public, particularly where litigants seek anonymity or sealing of judicial records without sufficient justification. Movant Blackwell's participation in this matter is limited to vindicating the public's First Amendment and common law right of access.

# TABLE OF AUTHORITIES

## Cases

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470, 473 (9th Cir. 1992) .......................................................... 12

*Citizens for a Strong Ohio v. Marsh*,
  123 F. App'x 630 (6th Cir. 2005) .............................................................. 3

*Doe v. Carson*,
  No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020) ........................... 8

*Doe v. Cook County, Illinois*,
  542 F. Supp. 3d 779 (ND Ill. 2021) .......................................................... 6

*Doe v. Doe*,
  85 F.4th 206 (4th Cir. 2023) ................................................................... 10

*Doe v. Kentucky Cmty. & Tech. College System*,
  No. 20-6, 2020 WL 998809 (E.D. Ky. Mar. 2, 2020) ................................. 5

*Doe v. Lee*,
  No. 3:22-CV-00569, 2023 WL 2587790 (M.D. Tenn. Mar. 21, 2023) ........ 8

*Doe v. Massachusetts Inst. of Tech.*,
  46 F.4th 61 (1st Cir. 2022) ....................................................................... 1

*Doe v. Megless*,
  654 F.3d 404 (3rd Cir. 2011) .......................................................... 6, 9, 10

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) .................................................................... 4

*Doe v. Stegall*,
  653 F.2d 180 (5th Cir. 1981) .................................................................... 5

*Doe v. Univ. of Pittsburgh*,
  No. 1:17-cv-213, 2018 WL 1312219 (W.D. Mich. Mar. 14, 2018) ............. 5

*Doe v. University of Akron*,
  No. 5:15-cv-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016) ............... 4

*Doe v. Whitmer*,
   No. 1:19-cv-422, 2019 WL 4645686 (W.D. Mich. July 1, 2019) ............... 5

*Does 1-6 v. Mills*,
  Case No: 21-cv-00242-JDL, 2021 WL 6197377 (D. Maine. Dec. 30th.
  2021) .................................................................................................... 12

*Endres v. Northeast Ohio Medical University*,
938 F.3d 281 (6th Cir. 2019) ...................................................................7

*Ericksen v. United States*,
No. 16-cv-13038, 2017 WL 264499 (E.D. Mich. Jan. 20, 2017) ...............2

*Flynt v. Lombardi*,
782 F.3d 963 (8th Cir. 2015) .................................................................12

*Globe Newspapers Co. v. Superior Court*,
457 U.S. 596 (1982) .............................................................................. 11

*In re Knoxville News-Sentinel Co., Inc.*,
723 F.2d 470 (6th Cir. 1983) .................................................................. 11

*Koe v. U. Hosp's. Health Sys., Inc.*,
No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024) ...........................7

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3rd Cir 1994) ....................................................................12

*Providence Baptist Church v. Hillandale Comm., Ltd.*,
425 F.3d 309 (6th Cir. 2005)) .................................................................13

*Public Citizen v. Liggett Group, Inc.*,
858 F.2d 775 (1st Cir.1988) ...................................................................13

*Signature Mgmt. Team, LLC v. Doe*,
323 F. Supp. 3d 954 (E.D. Mich. 2018) ....................................................1

**Law Review Articles**

Eugene Volokh,
*The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022) .......2

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 10(a) ..............................................................................2
Fed. R. Civ. P. 17(a) ..............................................................................2
Fed. R. Civ. P. 24(b) ............................................................................. 11
Fed. R. Civ. P. 24(c) .............................................................................13

**News Article**

James G. Hill,
*Are you wondering what the term 'Whatupdoe' means? It's distinctly Detroit*, Detroit Free Press (Apr. 25, 2024),

https://www.freep.com/story/sports/nfl/lions/2024/04/25/whatupdoe-what-up-doe-meaning-detroit-nfl-draft/73461956007 ........................................1

Russ McNamara,
  *CuriosiD: What is the origin of 'What up doe'?*, WDET, (Aug. 21st, 2025),
  https://wdet.org/2025/08/21/curiosid-what-is-the-origin-of-what-up-doe/ ..1

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- Fed. R. Civ. P. 24(b) (permissive intervention)

- Fed. R. Civ. P. 17(a) (requirement that a party must prosecute a case in their "real name")

- *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (factors necessary in order to be granted permission to use a pseudonym)

- *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (noting that the public must be given an opportunity to voice their objections of sealing and exclusions order which implicate their First Amendment right of public access).

- Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1368-1369 (2022) (noting First Amendment right to know a litigant's real name).

**INTRODUCTION**

While the City of Detroit is famously known for its endearing greeting of "What up Doe,"[1] a litigant cannot proceed in federal court under the pseudonym "Doe" absent truly extraordinary circumstances. In fact, there is a proliferation of pseudonymous "Doe" litigants. *Doe v. Massachusetts Inst. of Tech*., 46 F.4th 61, 69 (1st Cir. 2022) (highlighting that "[a] judicial system replete with Does and Roes invites cynicism and undermines public confidence.").

"The public has a right to know who the parties are in almost every case before a federal district court as a matter of public confidence in and understanding of the judicial system." *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) (Levy, J.). This Court should permit Movant Blackwell to intervene for the limited purpose of addressing whether the Plaintiff may proceed under a pseudonym consistent with the Federal Rules of Civil Procedure and governing First Amendment precedent.

---

[1]     James G. Hill, *Are you wondering what the term 'Whatupdoe' means? It's distinctly Detroit*, Detroit Free Press (Apr. 25, 2024), https://www.freep.com/story/sports/nfl/lions/2024/04/25/whatupdoe-what-up-doe-meaning-detroit-nfl-draft/73461956007 ; Russ McNamara, *CuriosiD: What is the origin of 'What up doe'?*, WDET, (Aug. 21st, 2025), https://wdet.org/2025/08/21/curiosid-what-is-the-origin-of-what-up-doe/

**1**

At its core, Plaintiff Jane Doe alleges that employees and officials of the University of Michigan falsely accused her of using generative artificial intelligence—such as ChatGPT—to author her college papers and subsequently disciplined her for suspected academic dishonesty. (Compl., ECF No. 1). Even assuming, arguendo, that such accusations ultimately prove to be unfounded, allegations of academic misconduct are not so exceptional, sensitive, or extraordinary as to justify proceeding under a pseudonym in derogation of Fed. R. Civ. P. 10(a) and the public's First Amendment right of access to judicial proceedings.

## ARGUMENT

The public has the First Amendment right of access to know a litigant's name. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017); Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1369 (2022) (noting "there remains a clear and strong First Amendment interest in public access to the parties' names.") (cleaned up).

Fed. R. Civ. P. 10(a) provides that "[t]he title of the complaint must name all the parties," and Fed. R. Civ. P. 17(a) provides that "[a]n action

**2**

must be prosecuted in the name of the real party in interest." "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Fed. R. Civ. P. 10(a)).

Since Plaintiff Jane Doe seeks to restrict the public's First Amendment and common law right to know her name, this Court must afford members of the public, such as Movant Blackwell, an opportunity to voice their objections to the infringement of these rights. Legal support for this proposition is discussed more fully below.

I. **The Plaintiff's Use of a Pseudonym Is Substantively Unwarranted and Violates the Public's First Amendment Right of Access.**

1. **Plaintiff Doe Cannot Satisfy the Sixth Circuit's *Doe v. Porter* Factors Required to Proceed Under a Pseudonym.**

When Movant Blackwell emailed Plaintiff's counsel on February 13, 2026, seeking concurrence in a proposed motion to intervene for the limited purpose of challenging Plaintiff's use of a pseudonym, no motion for protective order had been filed. At that time, Plaintiff was proceeding anonymously without having sought leave of Court or demonstrated entitlement to such extraordinary relief. Only after Movant Blackwell raised the procedural defect did Plaintiff file a Motion for Protective Order on February 17, 2026. (Mot. for Protective Order, ECF No. 3)

**3**

Plaintiff Jane Doe's motion for a protective order is woe inadequate and does not meet the "heavy burden" necessary in order to be granted anonymity. "Proceeding pseudonymously is the exception rather than the rule, and a plaintiff faces a heavy burden to avoid her obligation under the rules of civil procedure to disclose her identity." *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016) (internal quotations omitted).

Specifically, a Court may, in its discretion, allow a plaintiff to proceed anonymously where "[the] plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). In determining whether the exceptional circumstances required to defeat the presumption in favor of public disclosure exist in a particular case, the Sixth Circuit employs a set of four factors first articulated in *Doe v. Porter* (known as the "*Porter*" factors ):

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560. (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir.1981).

No particular *Porter* factor is dispositive. See *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) ("No one [*Porter*] factor is dispositive.") (alteration added). Instead, the *Porter* factors are merely "one piece of the puzzle," which are used to aid courts in determining whether a plaintiff has met his or her burden in demonstrating that the need for anonymity substantially outweighs the presumption that a party's identity is public information. See *Doe v. Kentucky Cmty. & Tech. College System*, No. 20-6, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020).

Turning to the first *Porter* factor—whether the plaintiff is challenging governmental activity—Plaintiff may argue that anonymity is warranted because she is suing a public university. But "[t]he simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018). To the contrary, courts have cautioned that while some challenges to governmental activity may support anonymity, such circumstances are rare. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("The Does clearly challenge governmental activity. But of course, in only a very few cases challenging governmental activity can anonymity be justified.").

5

Indeed, when a plaintiff sues public officials or government bodies, the public's interest in open judicial proceedings is often heightened—not diminished. See *Doe v. Megless*, 654 F.3d 404, 411 (3rd Cir. 2011) (noting that the public "interest is heightened because Defendants are public officials and government bodies," and concluding that this factor supported disclosure of the plaintiff's identity); *Doe v. Cook County, Illinois*, 542 F. Supp. 3d 779, 790 (ND Ill. 2021) ("The public has a strong interest in knowing the accusations against its tax-funded entities as well as the identities of the individuals making those accusations."). Thus, the mere fact that Plaintiff Jane Doe has sued the University of Michigan does not automatically weigh in favor of anonymity. If anything, because this action challenges the conduct of a public institution funded by taxpayers, and seeks a taxpayer funded settlement through monetary damages, the presumption of openness carries a stronger force.

Plaintiff Jane Doe likewise cannot satisfy the second *Porter* factor, which considers whether the litigation would require disclosure of information "of the utmost intimacy." The allegations set forth in the Complaint—namely, that she was purportedly falsely accused of using generative artificial intelligence such as ChatGPT to author her college papers—do not implicate

**6**

matters traditionally recognized by the Sixth Circuit as falling within that narrow category. (Compl., ECF No. 1).

Courts have reserved this factor for cases involving issues such as sexual assault, abortion, personal medical conditions, or other deeply private matters touching upon bodily integrity or highly sensitive personal status. See *Koe v. U. Hosp's. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024). Allegations of academic dishonesty, even if damaging to one's reputation, do not rise to that level. To hold otherwise would expand the pseudonym exception far beyond its historically limited scope.

Plaintiff Jane Doe assertion that she cannot publicly litigate due to "discussion of Plaintiff's mental health conditions, treatment, and disability-related accommodations" are without merit. (Motion for Protective Order, ECF No. 3, PageID.31). The Sixth Circuit's decision in *Endres v. Northeast Ohio Medical University*, 938 F.3d 281 (6th Cir. 2019), is instructive. There, a medical student publicly litigated claims arising from his dismissal for alleged cheating on an examination. The Plaintiff was diagnosed with ADHD and prescribed Ritalin. *Id.* at 285. Despite the serious professional and reputational consequences attendant to such allegations, the plaintiff

proceeded under his real name. *Endres* reinforces the principle that accusations of academic dishonesty—even those affecting future licensure and career prospects—do not automatically entitle a litigant to anonymity.

If a dismissed medical student accused of cheating can litigate openly, then Plaintiff Jane Doe can likewise litigate under her true name. Plaintiff Jane Doe states that litigating in her true name "identification would work a severe stigmatic and reputational injury." (Motion for Protective Order, ECF No. 3, PageID.31). However, stigma and reputational injuries are insufficient in order to be granted anonymity. Reputational harm or embarrassment, standing alone, is insufficient to transform an ordinary academic dispute into a matter of "utmost intimacy" warranting departure from the presumption of open judicial proceedings. *Doe v. Lee*, No. 3:22-CV-00569, 2023 WL 2587790, at *5 (M.D. Tenn. Mar. 21, 2023) (stating "a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym."); *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (upholding a district court's finding that "concerns about stigma and scrutiny from prospective employers do not involve `information of the utmost intimacy'" in a case brought under the Americans

**8**

with Disabilities Act); *Megless*, supra, 654 F.3d at 408. (same, embarrassment or economic harm are insufficient reasons).

As to the third *Porter* factor, nothing in the complaint alleges that Plaintiff Jane Doe would be compelled to disclose information that she intends to violate the law thereby risking potential criminal prosecution. At most, the allegations concern academic misconduct—*i.e.*, cheating on a college test or paper. While such conduct may implicate institutional discipline or raise moral or ethical concerns, it is not, in ordinary circumstances, a criminal offense. Thus, the third *Porter* factor does not weigh in Plaintiff's favor. Finally, another relevant consideration under *Porter* is whether the plaintiff is a minor. Based on the pleadings, Plaintiff Jane Doe appears to be a college student at the University of Michigan and there is no indication that she is under the age of eighteen. Absent any allegation that Plaintiff is a minor, this factor likewise does not support anonymity.

In sum, none of the *Porter* factors weigh in Plaintiff Doe's favor. Thus, it is improper to restrict the public from exercising their First Amendment right to know Plaintiff Jane Doe's real name.

**9**

## II.    Plaintiff Cannot Clear Her Name While Proceeding Anonymously. Courts Typically Require Litigants Alleging They Have Been Falsely Accused to Proceed Under Their Real Names.

Plaintiff Jane Doe alleges she is being falsely accused of using ChatGPT to write her college papers. Courts have noted that a litigant cannot clear their name if they litigated anonymously, which tilts in favor of denying the usage of a pseudonym. The Fourth Circuit Court of Appeals stated that:

> [W]e fail to see how Appellant can clear his name through this lawsuit without identifying himself. If Appellant were successful in proving defamation, his use of a pseudonym would prevent him from having an order that publicly 'clears' him. It is apparent that Appellant wants to have his cake and eat it too. Appellant wants the option to hide behind a shield of anonymity in the event he is unsuccessful in proving his claim, but he would surely identify himself if he were to prove his claims

*Doe v. Doe*, 85 F.4th 206, 217-218 (4th Cir. 2023); *Doe v. Megless*, 654 F.3d 404, 410 (3rd Cir. 2011) ("[T]o the extent that the flyers publicly accused him of being a pedophile, litigating publicly will afford Doe the opportunity to clear his name in the community.").

Plaintiff Jane Doe would enjoy the shield of anonymity if it were proven during discovery that she used ChatGPT to commit academic dishonesty. But if she ultimately proves that the ChatGPT accusations were false and unfounded, she will surely come forward with her real name to the public

announcing how she was wronged by the Defendant's. This Court should not tolerate such "heads I win, tails you lose" litigation gimmick.

## III.  The Proposed Intervenor Should Be Granted Permissive Intervention for the Limited Purpose of Challenging Plaintiff's Improper Use of a Pseudonym in Violation of the Public's First Amendment Right of Access.

As an initial matter, the Supreme Court has stated that "representatives of the press *and* general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). The way for Courts to allow the press and members of the public their opportunity to be heard on the exclusion of a litigant's name pursuant to a pseudonym is to allow intervention so that the parties can brief the issue. The Sixth Circuit has long held that when the public's right of access is restricted that the Court "afford interested members of the public an opportunity to intervene and present their views to the court." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

Fed. R. Civ. P. 24(b) allows for permissive intervention under two circumstances:

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

**11**

(B) has a claim or defense that shares with the main action a common question of law or fact.

When a third party seeks to intervene solely for limited purposes of enforcing their First Amendment right to judicial records, proceedings, or pseudonym orders they do "not need to demonstrate independent jurisdiction or a common question of law or fact." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (quoting Fed. R. Civ. P. 24(b)(1)(B)); *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (noting if a party seeks "to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that "there is no reason to require such a strong nexus of fact or law."). The Third Circuit has squarely addressed allowing intervention on this issue:

> We agree with other courts that have held that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action.

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3rd Cir 1994) (collecting cases); See also *Does 1-6 v. Mills*, Case No: 21-cv-00242-JDL, 2021 WL 6197377, *1-2 (D. Maine. Dec. 30th. 2021) (granting members of the media motion to intervene pursuant to Fed. R. Civ. P. 24(b) to challenge pseudonym order).

**12**

The motion is timely because the case was filed on February 9, 2026, and no substantive proceedings have occurred.

## IV.  The Court Should Waive Rule 24(c)'s Technical Requirement of an Attached Pleading in the Interest of Judicial Economy and Substantial Justice.

The Court has the discretion (in special circumstances) to waive the requirements under Fed. R. Civ. P. 24(c) that the Movant attach a pleading to his motion to intervene. The Sixth Circuit "take[s] a lenient approach to the requirements of Rule 24(c)," especially where the non-movant identifies no "prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading" and where the parties are "on notice as to [the movant's] positions and arguments." *Providence Baptist Church v. Hillandale Comm., Ltd*., 425 F.3d 309, 314 (6th Cir. 2005)); *Public Citizen v. Liggett Group, Inc*., 858 F.2d 775, 784 (1st Cir.1988) (stating "other federal courts have been quite lenient in permitting participation by parties who failed to comply strictly with Rule 24.").

First, there is judicial economy in waiving this requirement. Requiring a formal pleading would not serve judicial economy where Movant Blackwell seeks only limited participation on a discrete legal issue. Second, the Plaintiff is on notice of the basic legal position and arguments that this case is about

**13**

the public right of access under the First Amendment and common law to know her real name. The parties would suffer no prejudice with the absence of a formal pleading and can adequately defend against the motion to Intervene strictly based on the legal arguments presented in the motion.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor Blackwell respectfully requests that this Honorable Court grant his Motion to Intervene for the limited purposes of challenging the usage of a pseudonym in this case.

/s/CharlesBlackwell

Dated February 17th, 2026.

Respectfully submitted,

By: /s/CharlesBlackwell
Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
C: (313) 739-3597
Email: cblack618@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, Charles Blackwell certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on February 17th, 2026, via:

_____ U.S. Mail                          _____ Facsimile

\_\_\_\_X\_\_\_ ECF/CM Filing                 _____ Hand Delivery

_____ E-Mail                               _____ Federal Express

**15**