UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities,

        Defendants.

Case No. 2:26-cv-10451-LJM-DRG
Hon. Laurie J. Michelson

---

| | |
|---|---|
| Carla D. Aikens (P69530) | Brian M. Schwartz (P69018) |
| Carla D. Aikens, PLC | Conrad R. Wolan (P89181) |
| *Attorney for Plaintiff* | Miller, Canfield, Paddock and Stone, P.L.C. |
| 615 Griswold St., Suite 709 | *Attorneys for Defendants* |
| Detroit, MI 48226 | 150 W. Jefferson Road, Suite 2500 |
| (844) 835-2993 | Detroit, MI 48226 |
| carla@aikenslawfirm.com | (313) 963-6420 |
| | schwartzb@millercanfield.com |
| | wolan@millercanfield.com |

---

# DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (ECF NO. 3)

## CONCISE STATEMENT OF ISSUES PRESENTED

Has Plaintiff satisfied the standard set forth in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) to allow her to proceed under pseudonym?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)

Defendants respectfully submit this response to Plaintiff's Motion for Leave to Proceed Under Pseudonym. (ECF No. 3.) The Sixth Circuit has set forth a demanding standard that must be satisfied before a party may be allowed to proceed pseudonymously, and numerous courts have denied leave to proceed under a pseudonym under circumstances similar to those presented here. Defendants ultimately defer to the Court's management of its own docket and the presumption in favor of open and public court proceedings.

## I. Plaintiff Fails to Allege Circumstances Sufficient to Overcome the Presumption of Open Judicial Proceedings.

### A. Legal Standard.

There is a "long-established legal tradition [of the] presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 474 (6th Cir. 1983). The *Knoxville News-Sentinel* court specifically quoted the D.C. Circuit from 1894: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right to access." *Id.* (citations omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 476 (citations omitted).

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." "[P]rivacy in one's identity in a public forum – such as a federal court – is

1

the exception, not the rule." *John Does 1-114 v. Shalushi*, 10-11837, 2010 WL 3037789, at *1 (E.D. Mich. July 30, 2010).

Courts in the Sixth Circuit may permit a party to proceed pseudonymously after weighing "[s]everal considerations [to] determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). These considerations include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* The four enumerated factors are not exclusive. Courts have also considered other factors, such as prejudice to the defendants (*Doe v. Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y 2019)), stigma and embarrassment (*Doe v. Carson*, 1:18-cv-1231, 2019 WL 1978428 (W.D. Mich. May 3, 2019), *aff'd* 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020), *cert. den.* 141 S. Ct. 1411 (2021)), and other actions taken by a plaintiff to diminish her own privacy rights (*Roe v. Monrad*, 25-cv-10372, 2025 WL 1549614, (E.D. Mich. May 30, 2025)). A plaintiff bears a "heavy burden" in overcoming the presumption. *Plaintiff v. Wayne State Univ.*, 20-cv-11718, 2021 WL 243155 at *7 (E.D. Mich. Jan. 29, 2021).

**B.     Plaintiff's Arguments.**

Plaintiff expressly acknowledges the explicit requirement of Rule 10(a), the presumption underpinning *Porter*, and that she bears the burden of overcoming that presumption. (ECF No. 3, PageID.29-30.) Despite that heavy burden, Plaintiff nevertheless believes that her interests "substantially outweigh" the presumption, arguing that her suit challenges governmental activity, that the filings in this matter involve matters of the utmost intimacy, and that public identification would lead to severe stigmatic and reputational injury. (ECF No. 3, PageID.30-31.) Plaintiff does not invoke either the third or fourth *Porter* factors. Plaintiff further asserts that anonymity will not prejudice defendants or the public and that the limited sealing of a separate document with her name on it is appropriately limited in scope, all while acknowledging the viability of redaction and targeted sealing under Local Rule 5.3 for specific information as litigation progresses. (ECF No. 3, PageID.31-32.)

**C.     By Suing, Plaintiff Already Waived Privacy Protections Under Federal Law.**

Courts in this district have previously recognized that where a student brings a lawsuit against her university, that student waives privacy rights under the Family Educational Rights Privacy Act ("FERPA"). *Wayne State Univ.*, 2021 WL 243155 at *5. FERPA provides that "[i]f a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena [or the student's further

3

consent], the student's education records that are relevant for the educational agency or institution to defend itself." 34 CFR 99.31(a)(9)(iii)(B). *Wayne State* "question[ed] Plaintiff's privacy concerns in light of this exception[,]" and noted that the plaintiff could "move for protective orders and other remedies throughout the course of discovery to protect such information from being disclosed to the public." 2021 WL 243155, at *5.

As in *Wayne State*, Plaintiff here has already taken the affirmative step to diminish her own privacy rights. And she still has available to her the opportunity for protective orders for specific information and documents as those concerns arise during litigation. These facts weigh against proceeding under a pseudonym.

**D. Merely Bringing Suit Against A Governmental Entity is Insufficient to Satisfy the *Porter* Analysis.**

While the University is a governmental entity, "[t]he simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Univ. of Pittsburgh*, 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (quoting *Doe v. Pittsylvania Cty, Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Simply, "the first factor is not dispositive." *Id.* This factor bears more weight when plaintiffs are "challenging the constitutional, statutory or regulatory validity of government activity," which is not the case here. *G.E.G v. Shinseki*, 1:10-cv-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)

4

(citing *Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)).

Plaintiff is challenging the university process as applied in her specific case, not the validity of the academic integrity activity as a whole. This fact lessens the weight of the first *Porter* factor.

### E. Plaintiff Does Not Allege Facts of the "Utmost Intimacy".

Plaintiff asserts summarily that "[t]his case cannot be litigated without discussion of Plaintiff's mental health conditions, treatment, and disability-related accommodations" which constitute facts of the "utmost intimacy." (ECF No. 3, PageID.31.) However, informed by the paramount concern for open judicial proceedings, courts have more narrowly construed the universe of facts that constitute the "utmost intimacy."

Historically, facts of the utmost intimacy involved "birth control, abortion, homosexuality or the welfare rights of illegitimate children and abandoned families." *G.E.G.*, 2012 WL 381589 at *2. Allegations of sexual assault present a more difficult question, and courts have gone both ways. *See, e.g.*, *Skyline Automobiles*, 375 F. Supp. 3d at 405 (sexual assault by coworker not sufficient to justify pseudonym); *but see Roe v. St. Louis University*, 4:08-cv-1474, 2009 WL 910738 (E.D. Mo. Apr. 2, 2009) (victim of rape permitted to proceed under pseudonym).

5

Medical conditions, treatment, and disability-related accommodations are not, however, usually considered matters of the utmost intimacy. In one case, ADHD, anxiety, depression, bronchitis, back pain, concussion, and gastrointestinal pain were insufficient to satisfy the *Porter* test. The court believed that other tools would be sufficient to protect private information:

> With respect to plaintiff's interest in maintaining the privacy of her medical information and alleged disabilities, that confidential information can be protected through a standard protective order, and plaintiff need not proceed under a pseudonym to do so.

*Doe v. Univ. of Akron*, 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016). In another case, the plaintiff alleged attention deficit disorder, unspecified learning disorder, and anxiety disorder, among other diagnoses. That court declined to authorize that plaintiff to proceed under pseudonym, observing that "[d]isability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs." *G.E.G*, 2012 WL 381589 at *2 (plaintiff did not indicate why standard protective orders were not adequate to protect medical information).

Potential stigma and reputational harm also do not support proceeding under a pseudonym. Courts uniformly find that such considerations are not of the utmost intimacy. *Carson*, 2019 WL 1978428 at *1 ("stigma and scrutiny from prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated litigants who file

6

lawsuits under their real names"); *see also Akron*, 2016 WL 4520512 at *4 (potential "stigma associated with allegations of plagiarism" and possible "damage to [plaintiff's] reputation and future . . . career opportunities" faced by plaintiff were no different than the potential consequences suffered by other students suing schools under their own names) (collecting cases). Simply, "[u]nsubstantiated fears of speculative harm are insufficient to outweigh the presumption of open judicial proceedings." *Id.*

Plaintiff here asserts that medical and disability information are of the utmost intimacy and that Plaintiff might be at risk of reputational harm. In addition to the conclusory nature of these assertions, such considerations are categorically disregarded by courts when weighing privacy interests against open judicial proceedings. Accepting Plaintiff's arguments here would mean that any case where medical information is at issue (including all disability discrimination cases and any case where the plaintiff is seeking emotional distress) should proceed pseudonymously, a result at odds with Rule 10(a), *Porter*, and widespread practice in the federal courts.

**F.    Defendants Will Be Prejudiced If Plaintiff Proceeds Under Pseudonym.**

Plaintiff argues that Defendants will be able to fully defend this matter because they will know the identity of Plaintiff, even if the public does not. (ECF No. 3, PageID.31.) While it is true that Defendants will know Plaintiff's identity,

7

that is not the only consideration in defending an action. "Allowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Skyline Automobiles*, 375 F. Supp. 3d at 407. Additionally, since Plaintiff has sued and named individual defendants accusing them of wrongdoing, fairness dictates that Plaintiff's name also appear next to her allegations.

Plaintiff's characterization of the prejudicial impact of pseudonymity is too simplistic, and this Court may weigh it accordingly.

## II. Conclusion.

Plaintiff falls short on each of the relevant *Porter* factors and therefore does not make a compelling case for proceeding under pseudonym. Specific records and information can be redacted or filed under seal on a case-by-case basis, as set forth in Local Rule 5.3. Innumerable litigants regularly invoke their access to the judicial system and do so in full view of the public, which inherently retains its right to know how courts conduct their business. Defendants ultimately defer to the Court's management of its own docket and the presumption in favor of open and public court proceedings.

Dated: March 3, 2026    Respectfully submitted,

/s/ Brian M. Schwartz
Brian M. Schwartz (P69018)
Conrad R. Wolan (P89181)
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Defendants*
150 W. Jefferson Road, Suite 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
wolan@millercanfield.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Plaintiff's counsel.

*/s/Brian M. Schwartz* (P69018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

          Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF
MICHIGAN; et al.

          Defendants.

Case No. 2:26-cv-10451-LJM-DRG
Hon. Laurie J. Michelson

---

## BRIEF FORMAT CERTIFICATION FORM

I, Brian M. Schwartz, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the [moving party's] brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

| | |
|---|---|
| Dated: March 3, 2026 | */s/ Brian M. Schwartz* <br> Brian M. Schwartz (P69018) <br> Conrad R. Wolan (P89181) <br> Miller, Canfield, Paddock and Stone, P.L.C. <br> *Attorneys for Defendants* <br> 150 W. Jefferson Road, Suite 2500 <br> Detroit, MI 48226 <br> (313) 963-6420 <br> schwartzb@millercanfield.com <br> wolan@millercanfield.com |

2