# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| PLAINTIFF, | ) Case No. 2:26-cv-10451-LJM-DRG |
| | ) |
| v. | ) Hon. Laurie J. Michelson |
| | ) |
| THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF JANE DOE'S RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR CHARLES BLACKWELL'S MOTION TO INTERVENE FOR THE PURPOSE OF CHALLENGING PLAINTIFF'S USE OF A PSEUDONYM

Plaintiff, Jane Doe, hereby submits the following in opposition to Proposed Intervenor's (or "Blackwell" or "Proposed Intervener") Motion to Intervene for the Purpose of Challenging Plaintiff's Use of a Pseudonym and hereby respectfully requests that this honorable Court deny Proposed Intervenor's motion in full. Plaintiff is the responding party and does not have obligations before filing this

response under Local Rule 7.1(a).  As more fully set forth in the accompanying memorandum and brief submitted herewith, Proposed intervenor's motion should be should be denied pursuant to the plain language of the Federal Rules of Civil Procedure as well as established Sixth Circuit case law.

Dated:   March 5, 2026                    Respectfully Submitted,

                                          */s/ Connor B. Gallagher*
                                          Connor B. Gallagher (P82104)
                                          Carla D. Aikens (P P69530)
                                          Carla D. Aikens, P.L.C.
                                          615 Griswold St., Ste. 709
                                          Detroit, MI 48226
                                          connor@aikenslawfirm.com
                                          carla@aikenslawfirm.com
                                          Tel:    (844) 835-2993
                                          *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| PLAINTIFF, | ) Case No. 2:26-cv-10451-LJM-DRG |
| | ) |
| v. | ) Hon. Laurie J. Michelson |
| | ) |
| THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF JANE DOE'S BRIEF IN SUPPORT OF HER RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR CHARLES BLACKWELL'S MOTION TO INTERVENE FOR THE PURPOSE OF CHALLENGING PLAINTIFF'S USE OF A PSEUDONYM

## STATEMENT OF ISSUES PRESENTED

1.      Whether a nonparty may permissively intervene under Federal Rule of Civil Procedure 24(b) when the proposed intervenor asserts no claim or defense sharing a common question of law or fact with the underlying action?

      Plaintiff States:      "No."

2.       Whether the Court should deny intervention where the pseudonym issue is already before the Court and intervention would add unnecessary collateral litigation and delay without assisting the resolution of the merits.

      Plaintiff States:      "Yes."

3.      Whether, under the balancing test set forth in *Doe v. Porter*, Plaintiff's substantial privacy interests justify proceeding under a pseudonym when all four factors of the *Porter* balancing test support Plaintiff's request for anonymity?

      Plaintiff States:      "Yes."

## TABLE OF CONTENTS

**STATEMENT OF ISSUES PRESENTED**----------------------------------------------- 4

**TABLE OF CONTENTS**-------------------------------------------------------------- 5

**TABLE OF AUTHORITY** ----------------------------------------------------------- 6

   **I.**   **STANDARD OF REVIEW** ------------------------------------------------- 7

   **II.**    **ARGUMENT** ----------------------------------------------------------- 7

   **III.**   **CONCLUSION** --------------------------------------------------------14

# TABLE OF AUTHORITY

## Cases

*Cady v. Arenac Cnty.*, 574 F.3d 334 (6th Cir. 2009)------------------------------------12

*Diamond v. Charles*, 476 U.S. 54 (1986) ------------------------------------------- 8

*Doe v. Fedex Ground Package Sys., In*c., Case No. 3:21-cv-00395, 2021 WL
    5041286 (M.D. Tenn. Oct. 29, 2021)) ------------------------------------------12

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)------------------------------------ 11, 12

*Doe v. School Dist. 214*, No. 1:16-cv-07642 (N.D. Ill. Mar. 24, 2017)--------------14

*Doe v. Shea*, No. 23-12797, 2023 WL 7993436 (E.D. Mich. Nov. 17, 2023)-------13

*Does v. Snyder*, No. 12-11194, 2012 WL 1344412 (E.D. Mich. Apr. 18, 2012)----11

*Doe v. Univ. of Chi.*, No. 16-cv-08298, 2017 WL 4163960 (N.D. Ill. Sept. 20,
    2017) ------------------------------------------------------------------------14

*Doe v. Univ. of Detroit Mercy*, No. 2:24-cv-11106 (E.D. Mich. 2024) (Hon. Linda
    V. Parker) --------------------------------------------------------------- 9

*Knoxville News-Sentinel Co. v. United States Dist. Ct. for the E. Dist. of Tenn.*, 723
    F.2d 470 (6th Cir. 1983) -----------------------------------------------------11

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)--------------------- 7, 8

*Mobil Oil Corp. v. Higginbotham*, 436 U. S. 618 (1978)------------------------------ 9

*Smith v. Securities and Exchange Commission*, 129 F.3d 356 6th Cir. 1997)-------12

*States v. Choice*, 201 F.3d 837 (6th Cir. 2000) ------------------------------------- 8

*United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005) ------------------------- 8

## Rules

Fed. R. Civ. P. 10(a) ------------------------------------------------------------11

Fed. R. Civ. P. 24------------------------------------------------------------------14

Fed. R. Civ. P. 24(b) --------------------------------------------------------7, 8, 10

Fed. R. Civ. P. 24(b)(1)------------------------------------------------------------ 7

Fed. R. Civ. P. 24(b)(1)(B)--------------------------------------------------------- 7, 8

Fed. R. Civ. P. 24(b)(3)--------------------------------------------------------7, 10

Fed. R. Civ. P. 24(c) ----------------------------------------------------------10, 11, 14

## I.   STANDARD OF REVIEW

Permissive intervention under Fed. R. Civ. P. 24(b) is discretionary. Even when a motion is timely, the proposed intervenor must show either a statutory right or a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  The Court must also consider whether intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Sixth Circuit emphasizes the district court's "zone of discretion" in ruling on permissive intervention and the obligation to consider undue delay or prejudice. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

## II.   ARGUMENT

### A.  *PROPOSED INTERVENER DOES NOT SATISFY RULE 24(b)'S THRESHOLD REQUIREMENT*

Fed. R. Civ. P. 24(b) requires that the intervenor assert a "claim or defense" sharing a common question of law or fact with the underlying action.  Fed. R. Civ. P. 24(b)(1)(B). A nonparty's interest in commenting on a procedural or public-access issue does not constitute a claim or defense tied to the merits of the litigation.

Here, the proposed intervenor seeks to participate only to oppose Plaintiff's request to proceed under a pseudonym. That issue is collateral to the merits of Plaintiff's claims and does not constitute a claim or defense within the meaning of Fed. R. Civ. P. 24(b)(1)(B). Courts routinely deny permissive intervention where

the proposed intervenor seeks only to raise a generalized interest in transparency rather than litigate issues tied to the substantive claims in the case. *Diamond v. Charles*, 476 U.S. 54, 77 (1986) (generalized ideological interest insufficient to support party participation); *United States v. Michigan,* 424 F.3d 438, 445 (6th Cir. 2005); *Michigan State AFL-CIO*, 103 F.3d at 1248.

Although Mr. Blackwell does point to some non-precedential out of circuit authority that shows that some courts have permitted intervention in limited circumstances to challenge sealing or confidentiality orders, those decisions do not eliminate Fed. R. Civ. P. 24(b)'s threshold requirements. Moreover, the majority of the cases Proposed Intervenor cites to are in the context of sealing documents completely, which would trigger completely different policy interests than the analysis in front of the Court.  Those cases go to access to records, not access to identity of a single private citizen.  However, Proposed Intervenor implicitly admits that the Sixth Circuit has consistently recognized that Fed. R. Civ. P. 24(b) is discretionary and must be applied according to its text. *Michigan State AFL-CIO*, 103 F.3d at 1248; *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) ("[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." (citing *United States v. Ron Pair Enters*., Inc., 489 U.S. 235, 241 (1989)); *Mobil Oil Corp. v. Higginbotham,* 436 U. S. 618, 625 (1978) ("[t]here is a basic difference between

filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted."). Accordingly, Proposed Intervener lacks standing and his motion must be denied.

### B. EVEN IF RULE 24(b) WERE SATISFIED, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY INTERVENTION

The Issue Raised by Proposed Intervenor can be resolved without intervention. The Court already has before it the question of whether Plaintiff may proceed under a pseudonym. That issue can be decided under controlling Sixth Circuit law governing pseudonymous litigation without adding a new party to the case. Allowing intervention would not meaningfully assist the Court but would expand motion practice and complicate a narrow procedural issue.

Courts in this District have recognized that when a pseudonym issue is already before the Court, a nonparty does not need to intervene to ensure that the Court considers public-access principles. *See Doe v. Univ. of Detroit Mercy,* No. 2:24-cv-11106, slip op. at * 13 (E.D. Mich. 2024) (Hon. Linda V. Parker) *(*denying proposed intervenor Charles Blackwell's motion to intervene to challenge plaintiff's use of a pseudonym as moot because it was already in front of the Court).

Because this Court can decide the motion without Proposed Intervener, granting intervention risks creating unnecessary collateral litigation. This case concerns alleged unlawful conduct by university officials. Allowing a nonparty to intervene solely to litigate public-access concerns would invite collateral disputes

unrelated to the merits of Plaintiff's claims. Fed R. Civ. P. 24(b)(3) directs courts to deny intervention where it would cause undue delay or prejudice to the adjudication of the original parties' rights. Proposed intervener's presence has necessarily already caused additional delay and prejudice to Plaintiff in the ability to litigate this claim expediently, especially because it is the type of right at issue which is exasperated by delay.

## C. FAILURE TO COMPLY WITH RULE 24(c) PROVIDES AN ADDITIONAL BASIS FOR DENIAL

Fed. R. Civ. P. 24(c) requires that a motion to intervene be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." The proposed intervenor did not file such a pleading. Even worse, in his motion, movant explicitly cites to knowledge of this rule and conscious disobedience of the rule. Presumably, this is because Proposed Intervener knows he cannot satisfy Fed. R. Civ. P. 24(b) and does not have a claim or defense at interest making intervention improper. The absence of a pleading further underscores that the proposed intervenor does not seek to assert any claim or defense related to the merits of the action.

## D. PLAINTIFF CAN SATISFY THE PORTER FACTORS

It seems as if Proposed Intervenor treated his Motion to Intervene as a way to respond to the merits of Plaintiff's motion. Citing no precedential authority that would give him intervention rights, yet fully responding to Plaintiff's original

10

motion.  This strategy is an improper circumvention around the Court Rules in which Proposed Intervener should have been required to have his motion to intervene granted before responding to the motion.  This strategy should not be rewarded.  However, as a result, Plaintiff must address.

Although Fed. R. Civ. P. 10(a) requires that a complaint must state the names of all parties, the United States Court of Appeals for the Sixth Circuit and courts in this District have recognized that under certain circumstances plaintiffs are excused from this general requirement. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does v. Snyder*, No. 12-11194, 2012 WL 1344412, at *1 (E.D. Mich. Apr. 18, 2012) (recognizing that courts have "supervisory power over their own records and files, which includes the authority to enter protective orders limiting access to certain documents, Fed R. Civ. P. 24(c) (internal citations omitted). Anonymity is justified when a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. See *Porter*, 370 F.3d at 560.

District Courts have the power to seal records "when interests of privacy outweigh the public's right to know." *Knoxville News-Sentinel Co. v. United States Dist. Ct. for the E. Dist. of Tenn.*, 723 F.2d 470, 474 (6th Cir. 1983); *see also* S*mith v. Securities and Exchange Commission*, 129 F.3d 356, 359 n. 1 (6th Cir. 1997).  The Court must balance concerns that the party seeking anonymity "would risk suffering injury if identified" against the risk that other parties "would be prejudiced by the

[moving party] proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc* ., Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021)).

In *Porter* , the Sixth Circuit laid out a test that balances these competing interests: 1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Porter,* 370 F.3d at 560.

Here, the first factor supports Plaintiff's position. Plaintiff is suing Defendants in their individual and official capacities. As state actors, the official capacity claims, which seek prospective injunctive relief, "should therefore be treated as a suit against the state." *Cady v. Arenac Cnty*., 574 F.3d 334, 343 (6th Cir. 2009). Even more, they are employees of a public university and the first Porter factor makes clear that this supports a grant of pseudonymous status to Plaintiff. *See, e.g*., *Doe v. Shea*, No. 23-12797, 2023 WL 7993436, at *2 (E.D. Mich. Nov. 17, 2023) (in a case challenging the conduct of a public-school swim coach, the first Porter factor weighs in favor of Plaintiff's request for anonymity).

Proposed intervener states otherwise, however, again, cites to out of circuit non-precedential authority that directly conflicts with the Sixth Circuit for this conclusion.   It is clear that in the Sixth Circuit, public officials of a public university

are considered engaging in government activity, and the first factor sides with Plaintiff. Proposed intervener has cited to no authoritative case that states otherwise.

The second *Porter* factor concerning whether the litigation involves matters "of the utmost intimacy" also favors anonymity.  The allegation lodged against Plaintiff by Defendants at the center of this dispute is that Plaintiff maliciously violated the University's code of conduct.  This allegation strikes directly at the heart of Plaintiff's integrity and professionalism, key pillars of society.  Even more, in issue in this litigation is Plaintiff's medical information and diagnoses, some of the most intimate types of medical information and diagnoses:  mental health.  This type of information is routinely sought for and granted a protected status in litigations. This type of information is so intimate Congress has passed laws to ensure that type of intimate information remains protected.  i.e. Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936.

The Fourth *Porter* factor also cuts for anonymity.  While Plaintiff may not be of the age to be a legal minor, there is authority in the Sixth Circuit that explains that this is not a hard and fast cut-off date, and the factor is more appropriately considered as young adults, which Plaintiff would fit squarely as.  *Doe v. Univ. of Chi.*, No. 16-cv-08298, 2017 WL 4163960, at *1 n.1 (N.D. Ill. Sept. 20, 2017); *Doe v. School Dist*. 214, No. 1:16-cv-07642, at 8–9 (N.D. Ill. Mar. 24, 2017).   While Plaintiff is not being accused of violations of law, the allegations against Plaintiff are similar to

13

fraud, which is considered a crime of moral turpitude. Crimes of moral turpitude carry extreme consequences in our legal system and society. For the rest of Plaintiff's life, a google search would tie Plaintiff to those allegations. This result seems particularly unjust considering the fact the filing is made in the first place to rebut those exact allegations. Accordingly, the same policy justifications would attach should Plaintiff be tied to these allegations through a public filing for the third *Porter* factor to cut for Plaintiff and anonymity. These four factors support Plaintiff. Neither Proposed Intervener nor Defendant can point to any specifical cognizable prejudice they would face, which further supports that the decision to grant anonymity must be a decision of this Court.

## III.   CONCLUSION

Proposed Intervenor Charles Blackwell does not satisfy the requirements for permissive intervention under Fed. R. Civ. P. 24. He asserts no claim or defense sharing a common question of law or fact with the underlying litigation, failed to comply with Fed. R. Civ. P. 24(c)'s pleading requirement, and seeks only to inject a collateral dispute that is already fully before the Court. Allowing intervention under these circumstances would needlessly complicate this action, expand motion practice, and risk delaying the adjudication of Plaintiff's claims without providing any meaningful assistance to the Court.

WHEREFORE, Plaintiff humbly requests that this Honorable Court DENY Proposed Intervenor Charles Blackwell's Motion to Intervene for the Purpose of Challenging Plaintiff's Use of a Pseudonym in full with prejudice, GRANT Plaintiff's Motion to Proceed Under a Pseudonym, and GRANT Plaintiff any other relief this Honorable Court deems equitable and just.


Dated:  March 5, 2026                          Respectfully Submitted,

                                               */s/ Connor B. Gallagher*
                                               Connor B. Gallagher (P82104)
                                               Carla D. Aikens (P P69530)
                                               Carla D. Aikens, P.L.C.
                                               615 Griswold St., Ste. 709
                                               Detroit, MI 48226
                                               connor@aikenslawfirm.com
                                               carla@aikenslawfirm.com
                                               Tel:   (844) 835-2993
                                               *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on March 5, 2026 by:

                                               */s/ Katarzyna Nowicki*