UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

     Plaintiff,

v.

                               Case No. 2:26-cv-10451-LJM-DRG
                               Hon. Laurie J. Michelson

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in his
individual and official capacities;
CHRISTINE O'NEIL, Deputy Assistant
Dean of OSAA, in her individual and
official capacities,

     Defendants.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Jane Doe, by counsel, moves for a preliminary injunction under Fed. R. Civ. P. 65. This Motion is supported by the accompanying Brief in Support, the Declaration of Jane Doe filed contemporaneously, all of which are incorporated by reference as if fully set forth herein.

1. Pursuant to E.D. Mich. LR 7.1(a), on April 1, 2026 counsel for Plaintiff made reasonable and timely efforts to obtain concurrence regarding the specific

1

relief requested in this motion, and Defendants, through counsel, declined to concur.

2. Plaintiff is an undergraduate student at the University of Michigan and disputes academic-misconduct findings and sanctions imposed in an undergraduate course at issue ("Course A").

3. Plaintiff has documented psychiatric disabilities, including generalized anxiety disorder and OCD, and the University had notice through campus medical and disability channels. (Ex. A, B and C.)

4. On December 10, 2025, the Office of Student Academic Affairs ("OSAA") issued a responsibility finding and imposed sanctions including disciplinary probation with an unofficial transcript notation and a 1,000-word reflective essay. (Ex. D.) On January 26, 2026, OSAA extended disciplinary probation through May 1, 2027 and again required a 1,000-word reflective essay. (Ex. E.)

5. The University then paused Plaintiff's appeal and conditioned appeal consideration on completion of an Equity, Civil Rights, and Title IX Office ("ECRT") process. (Ex. F.) ECRT closed the formal complaint on scope grounds. (Ex. G.) The Academic Judiciary thereafter denied the appeal and stated there is no further appeal. (Ex. H.)

6. While review was paused and then foreclosed, Defendants enforced grading sanctions and remedial work, including capped rewrites (maximum grade 70) and compressed deadlines, with threats of course failure for any alleged "unreported use" of AI. (Ex. I.)

7. Plaintiff's official academic record reflects concrete transcript-level harm connected to Course A, including "IE (Incomplete Expired)" and zero credits counted for the course. (Ex. J.) Plaintiff also reported a later notation change to "E (fail)" with significant GPA consequences. (Ex. K.)

8. Defendants' enforcement is ongoing and time-sensitive. On March 5, 2026, Academic Judiciary demanded submission of the assigned "academic integrity" essay and stated that a registration hold would be placed if it was not submitted by March 14, 2026. (Ex. L.) On March 31, 2026, Academic Judiciary confirmed that a hold was placed on Plaintiff's account, making Plaintiff ineligible to register for future terms. (Ex. O.)

9. Independent of whether the restriction is displayed to the student as a "hold," Plaintiff's major advisor confirmed that Plaintiff is "ineligible to enroll in future terms (beginning with spring 2026)." (Ex. M.) Plaintiff's student portal simultaneously reflects "No Holds" while showing an enrollment appointment on April 2, 2026. (Ex. N.)

10. Plaintiff seeks narrow interim relief preserving the status quo and preventing irreparable harm during litigation: no enrollment or registration restriction; no further adverse academic-record enforcement tied to Course A; and no compelled sanctions as a condition of enrollment while this Court adjudicates Plaintiff's claims.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary injunction:

A. Enjoining Defendants from placing any registration hold, enrollment hold, or registration restriction based on the disputed Course A findings or related sanctions, including any restriction tied to submission of compelled sanction content (Exs. L–O);

B. Enjoining Defendants from implementing, enforcing, publishing, or disseminating any additional adverse transcript action, grade or status conversion, or academic-record consequence arising from the disputed Course A matter during the pendency of this action (Exs. J–K);

C. Enjoining Defendants from enforcing any compelled-sanction requirement (including any integrity or reflective essay requirement) as a condition of registration, enrollment, degree progress, or record correction during the pendency of this action (Exs. D–E; Ex. L);

D. Ordering preservation of relevant records; and

E.  Granting such other relief as the Court deems just and proper.

Dated: April 1, 2026                            Respectfully submitted,

                                                /s/ Carla D. Aikens
                                                Carla D. Aikens (P69530)
                                                Carla D. Aikens, PLC
                                                615 Griswold St., Suite 709
                                                Detroit, MI 48226
                                                (844) 835-2993
                                                carla@aikenslawfirm.com
                                                Attorneys for Plaintiff

## QUESTION PRESENTED

Whether Plaintiff, proceeding as Jane Doe, is entitled to a preliminary injunction under Fed. R. Civ. P. 65 enjoining Defendants from enforcing enrollment restrictions and additional academic-record consequences arising from the disputed academic-misconduct proceeding in Course A while this action is pending, where Defendants have made Plaintiff ineligible to enroll for upcoming terms and Plaintiff faces imminent, noncompensable harm to degree progress and her academic record.

## TABLE OF AUTHORITIES

**Cases**

*Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) ..............................................................11

*Doe v. Pennsylvania State Univ.*, 276 F. Supp. 3d 300 (M.D. Pa. 2017) ................12

*Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017) .........................................12

*Doe v. Univ. of Mich.*, No. 22-1654, 2023 WL 5532712 (6th Cir. Aug. 21, 2023)..12

*King v. DePauw Univ.*, No. 2:14-cv-70, 2014 WL 4197508 (S.D. Ind. Aug. 22, 2014)........................................................................................................................12

*Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171 (6th Cir. 1995)...................14

*Roth v. Bank of the Commonwealth*, 583 F.2d 527 (6th Cir. 1978) .........................14

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ........................................11

**Rules**

Fed. R. Civ. P. 65(c) ..................................................................................................14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

     Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in his
individual and official capacities;
CHRISTINE O'NEIL, Deputy Assistant
Dean of OSAA, in her individual and
official capacities,

     Defendants.

Case No. 2:26-cv-10451-LJM-DRG
Hon. Laurie J. Michelson

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

Plaintiff seeks narrow emergency relief to preserve the status quo and prevent irreparable educational harm while this Court adjudicates Plaintiff's federal civil-rights claims. Defendants have tied Plaintiff's ability to enroll to compelled sanction compliance, have rendered Plaintiff ineligible to register for upcoming terms, and

7

have imposed and escalated academic record consequences while meaningful review was paused, restricted, and then foreclosed. (Exs. A–O.) This Brief is supported by the Declaration of Jane Doe filed contemporaneously and the attached exhibits. (Doe Decl. ¶¶ 1-19; Exs. A–O.)

This motion does not ask the Court to grade academic work or decide authorship on a preliminary record. Plaintiff asks the Court to prevent enrollment lockout and additional academic record harm while the merits are adjudicated.

## II.     RELEVANT FACTS

### A. Disability Documentation and University Notice

Plaintiff has documented generalized anxiety disorder and OCD. University Health Service ("UHS") medical documentation reflects the diagnoses and treatment and explains that Plaintiff would benefit from testing accommodations due to anxiety. (Ex. B.) Services for Students with Disabilities ("SSD") issued accommodation letters for Plaintiff listing multiple courses (including Course A) and accommodations such as 150% extended time, limited-distraction testing environment, and private room. (Ex. A.) Treating clinicians also warned that anxiety-related cognitive shutdown and communication limitations can be misread as culpability and that confirmation bias can infect an accusation process where there is "no smoking gun." (Ex. C.)

## B. OSAA Findings and Sanctions

On December 10, 2025, the Office of Student Academic Affairs ("OSAA") issued a responsibility finding for an integrity violation and imposed sanctions including disciplinary probation with an unofficial transcript notation and a 1,000-word reflective essay. (Ex. D.) On January 26, 2026, OSAA issued a further decision extending disciplinary probation through May 1, 2027 and again requiring a 1,000-word reflective essay. (Ex. E.)

## C. Appeal Paused and Conditioned On Civil-Rights Review; ECRT Closure; Appeal Denial

After Plaintiff pursued review and raised civil-rights concerns, Academic Judiciary stated that Plaintiff "must first complete the ECRT process" and that the appeal process "will be paused" until the ECRT investigation is complete. (Ex. F.) ECRT then closed the formal complaint on scope grounds. (Ex. G.) Academic Judiciary later denied the appeal and stated there is no appeal beyond that decision. (Ex. H.)

## D. Enforcement Pending Appeal: Capped Rewrites, Compressed Deadlines, and Threatened Course Failure

While review was paused and then foreclosed, the lead instructor continued to enforce remediation and grading restrictions. The instructor communications required rewrites, capped the maximum grade at 70, set compressed deadlines, and threatened course failure for any alleged "unreported use" of AI. (Ex. I.)

9

### E. *Transcript Harm and Grade Escalation*

Plaintiff's official transcript reflects Course A as "IE (Incomplete Expired)" with zero credits counted for the course, reflecting concrete academic-record harm. (Ex. J.) Plaintiff then observed and reported a later transcript notation change to "E (fail)," with a significant GPA impact and downstream consequences for professional and graduate opportunities. (Ex. K.)

### F. *Imminent Enrollment Harm: March 14 Threatened Hold Confirmed on March 31, 2026; Confirmed Ineligibility; April 2 Appointment*

On March 5, 2026, Academic Judiciary demanded submission of the assigned "academic integrity" essay and threatened a registration hold if the essay is not submitted by March 14, 2026. (Ex. L.) Independent of the label "hold," Plaintiff's major advisor confirmed that Plaintiff is "ineligible to enroll in future terms (beginning with spring 2026)." (Ex. M.) Plaintiff's student portal simultaneously reflects "No Holds" while showing an enrollment appointment on April 2, 2026, underscoring the system-level restriction that will prevent Plaintiff from enrolling at her assigned time. (Ex. N.)

On March 31, 2026, Academic Judiciary confirmed that a hold was placed on Plaintiff's account, making Plaintiff ineligible to register for future terms. (Ex. O.)

### III.   LEGAL STANDARD

Plaintiff recognizes that a preliminary injunction is an extraordinary remedy governed by Fed. R. Civ. P. 65 and may be issued only upon a clear showing that the plaintiff is entitled to relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Sixth Circuit considers likelihood of success, irreparable harm, harm to others, and the public interest, balancing the factors. *Overstreet v. Lexington–Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

### IV.   ARGUMENT

#### A.  Plaintiff Is Likely To Succeed On the Merits

Plaintiff has made a strong showing warranting interim relief that preserves the status quo while the Court adjudicates the merits. Defendants imposed serious educational consequences and then maintained enforcement while deferring meaningful review: Defendants' communications confirm sanctions remained operative while appeal consideration was withheld pending completion of a separate process, and the appeal was ultimately denied as final. (Exs. F–G.) That structure increases the risk of erroneous deprivation where contested facts and credibility issues drive discipline and serious educational consequences attach. *See Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018).

11

Courts grant preliminary injunctions to prevent universities from enforcing disputed disciplinary sanctions that would interrupt enrollment or impose lasting record consequences before judicial review. *See Doe v. Univ. of Cincinnati*, 872 F.3d 393, 401-02 (6th Cir. 2017) (affirming preliminary injunction against suspension). Most persuasive here, the Sixth Circuit has recognized that preliminary injunctive relief may be warranted against the University of Michigan itself in the student-discipline context. *Doe v. Univ. of Mich.*, No. 22-1654, 2023 WL 5532712, at *1 (6th Cir. Aug. 21, 2023); *see also King v. DePauw Univ.*, No. 2:14-cv-70, 2014 WL 4197508, at *1, *15 (S.D. Ind. Aug. 22, 2014); *Doe v. Pennsylvania State Univ.*, 276 F. Supp. 3d 300 (M.D. Pa. 2017).

### B. *Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief*

Irreparable harm is immediate and concrete. Plaintiff has been made ineligible to enroll in future terms beginning spring 2026, as confirmed by her major advisor. (Ex. M.) Plaintiff also has a fixed enrollment appointment on April 2, 2026, yet will be unable to register at her assigned time. (Ex. N.) On March 31, 2026, Academic Judiciary confirmed that a hold was placed on Plaintiff's account, making Plaintiff ineligible to register for future terms. (Ex. O.) Seats in substitute courses needed to satisfy degree requirements are limited and competitive; delayed relief risks loss of seats and cascading delay even if the restriction is later lifted.

Plaintiff also faces ongoing academic-record harm: the official transcript reflects "IE (Incomplete Expired)" and zero credits for Course A, and Plaintiff reports a later transcript notation change to a failing outcome with significant GPA consequences. (Exs. J–K.) These harms are time-sensitive, noncompensable, and not fully remediable after-the-fact.

## C. The Balance of Equities Favors Plaintiff

The requested injunction is narrow and administrable. Plaintiff does not ask the Court to grade coursework or decide authorship now. Plaintiff asks the Court to prevent enrollment lockout and additional academic-record enforcement tied to Course A during the pendency of this case. Defendants face minimal hardship from preserving the status quo; Plaintiff faces compounding educational harm absent relief.

## D. The Public Interest Supports Injunctive Relief

The public interest favors compliance with federal civil-rights protections in public education and ensuring that contested disciplinary processes do not impose irreversible educational harms before judicial review. The public also has an interest in ensuring that public institutions do not use enrollment restrictions and academic-record consequences as coercive enforcement mechanisms while review is deferred or foreclosed. (Exs. A–O.)

13

## V.    RULE 65(C) SECURITY

Rule 65(c) provides that "[t]he court may issue a preliminary injunction … only if the movant gives security in an amount that the court considers proper..." Fed. R. Civ. P. 65(c). District courts have discretion to require no bond or a nominal bond where relief preserves the status quo and presents minimal risk of monetary harm. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978)). For the reasons stated herein in support of her motion, Plaintiff requests waiver of this requirement.

## VI.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant the motion and enter the proposed order.

Dated: April 1, 2026                    Respectfully submitted,

                                        /s/ *Carla D. Aikens*

                                        Carla D. Aikens (P69530)
                                        CARLA D. AIKENS, P.L.C.
                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I electronically filed the foregoing Brief with

the Clerk of the Court using the ECF system, which will send notification of such

filing to all counsel of record.


/s/ *Carla D. Aikens*