UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

      Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL
DUFFALO, in his individual and
official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of
Student Academic Affairs (OSAA),
in his individual and official
capacities; CHRISTINE O'NEIL,
Deputy Assistant Dean of OSAA, in
her individual and official capacities,

      Defendants.

Case No. 2:26-cv-10451-LJM-DRG

Hon. Laurie J. Michelson

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### I.    INTRODUCTION

Defendants' response confirms the core predicate for emergency relief: a registration hold is already in place and is blocking Plaintiff from enrolling in future terms. *See* ECF No. 15-16, PageID.281 (Ex. O)

1

(confirming "a hold was placed … making [Plaintiff] ineligible to register for future terms"); *see also* O'Neil Decl. ¶¶ 9–10, ECF No. 19-1, PageID.319 (hold prevents enrollment; Defendants will remove it only upon Plaintiff's submission of compelled essay content). Defendants' opposition does not dispute that sanctions have been enforced while review was paused and then foreclosed, and it does not dispute the existing transcript harm. Instead, Defendants frame the matter as simple: "write the essay and the hold is gone." ECF No. 19, PageID.296. That framing is the problem. The Court is not being asked to grade coursework or decide authorship on a preliminary record. Plaintiff seeks narrow, status quo relief preventing Defendants from conditioning enrollment and additional academic-record consequences on compelled sanction compliance while this civil rights action proceeds.

## II.   DEFENDANTS' THRESHOLD FRAMING DOES NOT DEFEAT RULE 65 RELIEF

### A. *The Requested Injunction Preserves The Status Quo Of Continued Enrollment During Litigation*

Defendants argue that preliminary relief is "disfavored" because Plaintiff seeks to "modify, not preserve" the parties' relative positions. ECF No. 19, PageID.301–02. But the "relative positions" that Rule 65 protects in the student-discipline context is the student's ability to remain enrolled and

avoid compounding, hard-to-unwind academic harm while the Court adjudicates legality. Defendants themselves confirm the hold blocks enrollment and will remain unless Plaintiff submits compelled sanction content. O'Neil Decl. ¶¶ 9–10, ECF No. 19-1, PageID.319. Maintaining enrollment and preventing further academic-record escalation is classic status quo relief. See Doe v. Univ. of Cincinnati, 872 F.3d 393, 401–02 (6th Cir. 2017) (affirming preliminary injunction in student-discipline context).

### B. Plaintiff's Timing Does Not Negate Irreparable Harm Where The Harm Is Ongoing And Time-Sensitive

Defendants emphasize that Plaintiff filed the motion after the hold was implemented and cite cases suggesting delay can weigh against relief. ECF No. 19, PageID.301–02. Here, the harm is not historical, it is continuing and imminent. The March 31 confirmation states that the hold "was placed" and makes Plaintiff "ineligible to register for future terms." ECF No. 15-16, PageID.281 (Ex. O). The enrollment cycle is time-sensitive; once registration windows close and seats fill, later relief cannot fully restore lost enrollment opportunities. The record also reflects continuing academic-record consequences (IE/credit impact and later E/fail notation) that cannot be fully unwound after the fact. See ECF No. 15-11, PageID.261 (Ex. J); ECF No. 15-12, PageID.263 (Ex. K).

3

### III.   PLAINTIFF HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

#### A.   *Sovereign Immunity and Qualified Immunity Do Not Bar the Prospective Injunctive Relief Sought*

Defendants argue Plaintiff's procedural due process claim is "precluded by sovereign immunity" and that qualified immunity bars relief. ECF No. 19, PageID.302–03. Sovereign immunity bars damages and retrospective relief against the State, but it does not bar prospective injunctive relief against state officials under Ex parte Young. Indeed, Defendants cite Ex parte Young themselves. ECF No. 19, PageID.302–03. Plaintiff seeks prospective relief to prevent ongoing enforcement mechanisms (enrollment lockout and continuing record escalation) while this Court adjudicates the merits. Qualified immunity likewise is a defense to damages, not a bar to prospective injunctive relief.

#### B.   *The Record Supports Plaintiff's Due Process And Disability-Access Claims On A Preliminary Record*

Defendants' response reframes Plaintiff's case as a demand that the University "disregard writing style" as an accommodation. ECF No. 19, PageID.303. This is a flippant assessment that is indicative of the problem, and this is not what Plaintiff seeks. Plaintiff challenges a process that imposed significant educational consequences and then kept sanctions

operative while meaningful review was paused and ultimately foreclosed. "AI detection" tools are largely based upon probability and are unreliable, as the LSA expressly states on its own website:

> Please also remember that LSA does not endorse any AI detection tools, both because they are deeply unreliable and because such tools create an atmosphere of hostility and suspicion. In addition, detection tools all involve alienation of students' intellectual property. The University has also declined to license any such tool, for similar reasons.

*General Approaches to GenAI in the Classroom*, https://sites.lsa.umich.edu/learningteachingconsulting/home/teaching-methods/guidelines-for-using-generative-ai/general-approaches-to-genai-in-the-classroom/ (last visited Apr. 22, 2026). Defendant cannot equitably seek to jeopardize the Plaintiff's career based on an assessment method that the University itself has officially discarded as unreliable and untrustworthy. To the extent Defendant is claiming a person came to this conclusion without such a tool, Defendant must be able to show why a person's suspicion would be any more reliable than a tool designed for the same detection.

The appeal was expressly conditioned on completing a separate ECRT process, and sanctions were stated to "remain in effect while an appeal is pending." ECF No. 15-13, PageID.266 (Ex. L); ECF No. 15-7, PageID.248

5

(Ex. F). ECRT closed the complaint on scope grounds, and Academic Judiciary denied the appeal as final. ECF No. 15-8, PageID.254 (Ex. G); ECF No. 15-9, PageID.256 (Ex. H). That "sanctions now, review later" structure increases the risk of erroneous deprivation where contested facts and credibility questions drive discipline. *See Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018).

## IV. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE RELIEF

Defendants contend the harm is a mere, compensable "delay" in a degree program and that Plaintiff can eliminate the hold by writing an essay. ECF No. 19, PageID.296; PageID.308–09. But Defendants' own declaration confirms the hold blocks enrollment now and will remain unless Plaintiff submits compelled sanction content. O'Neil Decl. ¶¶ 9–10, ECF No. 19-1, PageID.319. The harm is not simply delay; it is loss of the ability to enroll when registration opens, cascading academic consequences from missed enrollment windows, and continuing transcript-level harm during litigation. Plaintiff's official transcript already reflects adverse status/credit consequences and a failing outcome. ECF No. 15-11, PageID.261 (Ex. J); ECF No. 15-12, PageID.263 (Ex. K). The medical record also reflects acute symptom exacerbation triggered by the honor process experience,

underscoring irreparable injury in the absence of relief. ECF No. 15-15, PageID.279.

## V. BALANCE OF EQUITIES AND PUBLIC INTEREST

Defendants argue the University and public are harmed if the Court prevents the University from upholding academic standards. ECF No. 19, PageID.296. Plaintiff does not ask the Court to excuse misconduct or rewrite academic policies. Plaintiff seeks a narrow, time-limited order preventing Defendants from using enrollment lockout and additional academic record escalation as leverage while this Court adjudicates whether the process and enforcement structure comply with federal law and the Constitution. Maintaining the student's ability to remain enrolled while legality is tested serves the public interest in lawful, disability-informed public education and basic procedural fairness.

## VI. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant the Motion for Preliminary Injunction.

Dated: April 22, 2026                    Respectfully submitted,

                                         */s/ Carla D. Aikens*
                                         Carla D. Aikens (P69530)
                                         Connor B. Gallagher (P82104)
                                         Carla D. Aikens, PLC
                                         615 Griswold St., Suite 709

Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
connor@aikenslawfirm.com
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Carla D. Aikens*

8