UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

     Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN et al.,

     Defendants.

Case No. 26-10451
Honorable Laurie J. Michelson

---

### ORDER DENYING PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION [15]

---

On February 9, 2026, Plaintiff, a college student, filed this case against numerous defendants at the University of Michigan, claiming that they violated the Rehabilitation Act, the Americans with Disability Act, and her procedural due process rights when they disciplined her for alleged academic misconduct, that being an unauthorized use of AI to write course papers. (ECF No. 1.) Plaintiff was put on disciplinary probation and required to write a 1,000-word reflective essay. (*Id.* at PageID.9; ECF No. 15, PageID.218.) Plaintiff pleads that she has "documented disabilities" including generalized anxiety disorder and obsessive-compulsive disorder. (ECF No. 1 at PageID.1.) She further alleges that her "disability-related writing traits could be misinterpreted as AI and should not be treated as proof of misconduct." (*Id.* at PageID.6.)

On April 17, 2026, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing sovereign and qualified immunity, a

failure to plead a protected liberty or property interest, and a failure to state plausible claims under the Rehabilitation Act or the Americans with Disability Act, among other things. (ECF No. 20.) Plaintiff has yet to respond to that motion. (*See* E.D. Mich. LR 7.1(e)(2)(A) (providing 21 days to file a response to a motion to dismiss under Rule 12(b).) But she seeks a preliminary injunction while her case proceeds. (ECF No. 15.)

"Let's start with the basics. 'A preliminary injunction is an extraordinary and drastic remedy.'" *James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted)). It should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024) ("The issuance of a preliminary injunction is the exception, rather than the rule."). In evaluating whether to grant preliminary injunctive relief, the Court must consider and balance four factors: (1) the plaintiff's likelihood of success on the merits, (2) whether the plaintiff will suffer irreparable injury without an injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the public interest would be served by the injunction. *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). "'But where there is no likelihood of either success on the merits or irreparable harm, an injunction is unwarranted—regardless of the showing on the other factors.'" *James B. Oswald Co.*, 984 F.4th at 672 (quoting *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022)). Indeed, the Sixth Circuit has held that "'[a] preliminary injunction issued

2

where there is simply no likelihood of success on the merits must be reversed.'" *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (second alteration in original) (citation omitted).

Plaintiff seeks a preliminary injunction because, without writing the reflective essay mandated by the University as punishment for her alleged use of AI, Plaintiff is unable to enroll in classes "in future terms (beginning with spring 2026)." (ECF No. 15, PageID.226.) Plaintiff contends this is causing her irreparable harm (*id.* at PageID.228–229), and she seeks to enjoin the Defendants from enforcing the discipline (*id.* at PageID.220–221). But Plaintiff spends little time arguing that she has a likelihood of success on the merits of her claims. As highlighted by Defendants, nowhere in Plaintiff's opening brief does she even identify the elements of her claims, let alone show that she is likely to establish them. (ECF No. 19, PageID.303; *see also* ECF No. 15, PageID.227–228). The same is true for her reply brief. (ECF No. 22, PageID.373–375.) Even though that was filed after Defendants' response brief focused on the lack of likelihood of success on the merits (ECF No. 19) and after Defendants filed a motion to dismiss arguing that the complaint fails to state a viable claim (ECF No. 20).

Thus, on the record before the Court, Plaintiff has failed to demonstrate a likelihood of success on the merits of her claims that would warrant the extraordinary relief of a preliminary injunction. Thus, Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE