UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

     Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF
MICHIGAN et al.,

     Defendants.

Case No. 26-10451
Honorable Laurie J. Michelson

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM [3] AND DENYING AS MOOT MOTION TO INTERVENE [5]

Plaintiff, a student at the University of Michigan, was disciplined her for alleged academic misconduct—an unauthorized use of AI to write course papers. (ECF No. 1.) She was put on disciplinary probation and required to write a 1,000-word reflective essay. (*Id.* at PageID.9; ECF No. 15, PageID.218.) Plaintiff maintains that she has "documented disabilities" including generalized anxiety disorder and obsessive-compulsive disorder. (ECF No. 1, PageID.1.) She alleges that her "disability-related writing traits could be misinterpreted as AI and should not be treated as proof of misconduct." (*Id.* at PageID.6.) Thus, on February 9, 2026, she filed this lawsuit against numerous University of Michigan officials and instructors, claiming that the disciplinary action violated the Rehabilitation Act, the Americans with Disabilities Act, and her procedural due process rights. (*See generally id.*)

Roughly one week after filing her complaint, Plaintiff filed a motion to proceed under the "Jane Doe" pseudonym. (ECF No. 3.) She maintains that "[p]ublic disclosure of [her] identity would immediately link her name to allegations of academic dishonesty and to detailed mental health information." (*Id.* at PageID.28.) Defendants opposed the motion (ECF No. 8), and Plaintiff filed a reply (ECF No. 11). A proposed intervenor, "a local government watchdog and transparency advocate[,]" filed a motion to intervene for the limited purpose of challenging Plaintiff's motion (ECF No. 5, PageID.44), to which Plaintiff responded (ECF No. 10).

As the motions are fully and adequately briefed the Court decides them without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, both motions are DENIED.

## I.

Generally, "a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (emphasis in original) (citing Fed. R. Civ. P. 10(a)). But the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 15-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)). To determine whether a party's privacy interests outweigh the presumption of openness, the Sixth Circuit has identified factors to consider, including:

(1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). "The burden rests with Plaintiff to establish that it is appropriate to permit [her] to proceed under a pseudonym." *Doe v. Dep't of Homeland Sec.*, No. 19-288, 2019 WL 5622537, at *1 (W.D. Mich. Aug. 12, 2019).

Plaintiff fails to carry that burden here.

### A.

The Court starts with the first *Porter* factor.

By suing the governing body and employees of a public university, Plaintiff's complaint can be construed as challenging governmental activity. And while she sues some individual defendants in both their official and individual capacities—i.e., as private citizens—this does not negate her challenge to governmental activity. *See Plaintiff v. Wayne State Univ.*, No. 20-11718, 2021 WL 243155, at *5 (E.D. Mich. Jan. 29, 2021) (noting that a plaintiff's complaint against a public university includes claims against "several private individuals in their individual capacities" but concluding that "other courts with this District have declined to rule against a plaintiff for this distinction") (citation omitted). This Court follows that lead: Plaintiff sues the University of Michigan, a public university, and a few of its employees. (ECF No. 1.) She thus challenges governmental activity. So the first *Porter* factor weighs in her favor.

3

**B.**

The second *Porter* factor requires the Court to analyze whether this case will expose information "of the utmost intimacy." *See Porter*, 370 F.3d at 560 (citation omitted).

Plaintiff believes that "utmost intimacy" includes her "mental health conditions, treatment, and disability-related accommodations." (ECF No. 3, PageID.31.) But she does not provide any authority to support that these types of concerns constitute "utmost intimacy" under *Porter* and there is substantial case law to support that they are not. *See Doe v. Bowling Green State Univ.*, No. 22-140, 2022 WL 4599247, at *15 (N.D. Ohio Sept. 30, 2022) (explaining that most "college students challenging disciplinary procedures are required to proceed in their own name") (collecting cases); *Doe v. The Univ. of Akron*, No. 15-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) (reasoning that "plaintiff's interest in maintaining the privacy of her medical information and alleged disabilities" can be remedied by a protective order, not a pseudonym, and finding that "none of the medical conditions identified by plaintiff in her complaint—ADHD, anxiety, depression" involve matters of the 'utmost intimacy'") (citation omitted) (collecting cases). This intuitively makes sense as there is no shortage of disability discrimination litigation pursued in the plaintiffs' own names.

Plaintiff maintains that courts in this District "permit pseudonymity where the record would otherwise force disclosure of intensely private facts." (ECF No. 3, PageID.31.) True. But that does not answer the question of what is an "intensely

private fact." The case Plaintiff relies on, *Doe v. Streeter*, No. 20-11609 (E.D. Mich. Nov. 12, 2020), involved an unopposed motion to proceed under a pseudonym where the claim involved sexual abuse and child pornography. *Streeter*, No. 20-11609, ECF No. 10. Indeed, "[c]ourts have recognized sexual assault victims as paradigmatic examples of persons who ought to be entitled to grants of anonymity." *Doe v. Garland*, No. 23-10053, 2023 U.S. Dist. LEXIS 250349, at *5 (E.D. Mich. Feb. 8, 2023) (citing cases); *see also Doe v. Mich. State Univ.*, No. 19-226, 2019 WL 13417783, at *1 (W.D. Mich. Aug. 14, 2019) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); *K.S. v. Detroit Public Schools*, No. 14-12214, 2015 WL 13358204, at *2 (E.D. Mich. July 22, 2015) (noting that "matters of sex, sexual identity, and the related social taboos" are especially private). By contrast, the opposed motion here concerns accommodation for a student's not uncommon mental health issues. This is not to minimize them. But the factual allegations here simply do not implicate the privacy concerns in the case Plaintiff relies on. (ECF No. 3, PageID.31.) *See Doe v. Univ. of Detroit Mercy Sch. of Dentistry*, No. 24-11106, 2025 U.S. Dist. LEXIS 21668, at *9 (E.D. Mich. Feb. 6., 2025) ("The underlying misconduct at issue here details Plaintiff sending risqué and controversial text messages and website links, asking students on dates, being labeled a 'stalker,' seeking treatment and experiencing side effects from his ADHD medication, and being dismissed from the University as a result. While these are personal and serious matters to Plaintiff,

5

they are insufficient to reach the high burden of the 'utmost intimacy' that outweighs the public's interest in open judicial proceedings.").

Second, Plaintiff's contention that she would suffer "a severe stigmatic and reputational injury" if she had to litigate under her name is unsupported. (ECF No. 3, PageID.31.) Plaintiff says that "harm cannot be fully cured by later relief" if her identity tied to "alleged academic dishonesty and to mental health information[,]" is disclosed." (*Id.*) But "[u]nsubstantiated fears of speculative harm are insufficient to outweigh the presumption of open judicial proceedings." *Doe*, 2016 WL 4520512, at *4.

Third, Plaintiff's argument that "claims of academic dishonesty" would impact her "ability to practice professionally as a physician" (ECF No. 3, PageID.31) is not a legally cognizable consideration under *Porter*. *See Doe*, 2016 WL 4520512, at *4 (collecting cases where courts denied requests by plaintiffs faced with academic dishonesty allegations who claim "damage to [their] reputation" and concerns about "career opportunities").

Lastly, Plaintiff maintains that Defendants will not be prejudiced if the Court allowed her to proceed under a pseudonym. (ECF No. 3, PageID.31.) But "that consideration alone is insufficient to outweigh compliance with the civil rules of procedure and preference for open judicial proceedings." *Doe*, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) (citing *G.E.G. v. Shinseki*, No. 10-1124, 2012 WL 381589, at *2 n.1 (W.D. Mich. Feb. 6, 2012)).

6

In sum, the Court finds that Plaintiff fails to establish that requiring her to proceed under her real name would result in her revealing matters "of the utmost intimacy." *Porter*, 370 F.3d at 560 (citation omitted). So this factor weighs against Plaintiff.

## C.

The third and fourth *Porter* factors—i.e., whether Plaintiff is at risk of criminal prosecution and whether Plaintiff is a child, respectively—also weigh against anonymity. Plaintiff does not allege she is at risk of criminal prosecution. (*See generally* ECF No. 1.) In fact, she admits that she "is not being accused of violations of law." (ECF No. 11, PageID.124.) And Plaintiff is an adult college student, not a minor. (ECF No. 1, PageID.1.)

## II.

The Court appreciates Plaintiff's situation. But many federal court plaintiffs must face disclosure of sensitive or personal information that they would likely prefer to keep private. Plaintiff fails to carry her burden to show that her case is otherwise exceptional. *See Doe*, 2019 WL 5622537, at *1; *Porter*, 370 F.3d at 560; Fed. R. Civ. P. 10(a). Thus, her motion to proceed under a pseudonym (ECF No. 3) is DENIED. As a result, the proposed intervenor's motion to intervene for the limited purpose of challenging that request (ECF No. 5) is DENIED AS MOOT.

Plaintiff is directed to file an amended complaint, with her name included, by August 5, 2026.

IT IS SO ORDERED.

Dated: July 28, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE