UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

Plaintiff,

v.

Case No. 2:26-cv-10451-LJM-DRG
Hon. Laurie J. Michelson

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities,

Defendants.

**PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Jane Doe, by counsel, moves for a preliminary injunction under Fed. R. Civ. P. 65. This Motion is supported by the accompanying Brief in Support, the Declaration of Jane Doe filed contemporaneously, and Exhibits A through O, all of which are incorporated by reference.

1. Pursuant to E.D. Mich. LR 7.1(a), on June 26, 2026, counsel for Plaintiff sought concurrence in the specific relief requested in this Motion. Defendants, through counsel, declined to concur.
2. This is a renewed motion. The Court denied Plaintiff's prior motion because the opening brief did not identify the elements of Plaintiff's claims or show how Plaintiff was likely to establish those elements. (ECF No. 23.) This renewed motion supplies the element-by-element showing the Court identified as missing and relies on the continuing enforcement record now before the Court.
3. Plaintiff is an undergraduate student at the University of Michigan and disputes academic misconduct findings and sanctions imposed in an undergraduate course at issue, identified in this public filing as Course A.
4. Plaintiff has documented psychiatric disabilities, including generalized anxiety disorder and OCD, and the University had notice through campus medical and disability channels. (Exs. A-C; Doe Decl. ¶¶ 3-6.)
5. On December 10, 2025, OSAA issued a responsibility finding and imposed sanctions including disciplinary probation with an unofficial transcript notation and a 1,000-word reflective essay. (Ex. D; Doe Decl. ¶ 7.) On January 26, 2026, OSAA extended disciplinary probation through May 1,

2027 and again required a 1,000-word reflective essay. (Ex. E; Doe Decl. ¶ 8.)

6. The University then paused Plaintiff's appeal and conditioned appeal consideration on completion of an ECRT process. (Ex. F; Doe Decl. ¶ 9.) ECRT closed the formal complaint on scope grounds. (Ex. G; Doe Decl. ¶ 10.) Academic Judiciary thereafter denied the appeal and stated there is no further appeal. (Ex. H; Doe Decl. ¶ 11.)

7. While review was paused and then foreclosed, Defendants enforced grade sanctions and remedial work, including capped rewrites (maximum grade 70), compressed deadlines, and threatened course failure for any alleged unreported use of AI. (Ex. I; Doe Decl. ¶ 12.)

8. Plaintiff's official academic record reflects transcript-level harm connected to Course A, including IE (Incomplete Expired) and zero credits counted for the course. (Ex. J; Doe Decl. ¶ 13.) Plaintiff also reported a later notation change to E (fail) with significant GPA consequences. (Ex. K; Doe Decl. ¶ 14.)

9. Defendants' enforcement is ongoing. On March 5, 2026, Academic Judiciary demanded submission of the assigned academic integrity essay and stated that a registration hold would be placed if it was not submitted by March 14, 2026. (Ex. L; Doe Decl. ¶ 15.) On March 31, 2026, Academic

Judiciary confirmed that a hold was placed on Plaintiff's account, making Plaintiff ineligible to register for future terms. (Ex. O; Doe Decl. ¶ 18.)

10. Independent of whether the restriction is displayed to the student as a hold, Plaintiff's major advisor confirmed that Plaintiff is ineligible to enroll in future terms beginning with spring 2026. (Ex. M; Doe Decl. ¶ 16.) Plaintiff's student portal simultaneously reflects No Holds while showing an enrollment appointment on April 2, 2026. (Ex. N; Doe Decl. ¶ 17.)

11. Plaintiff seeks narrow interim relief preserving enrollment access and academic record status during litigation: no enrollment or registration restriction; no further adverse academic record enforcement tied to Course A; and no compelled sanction as a condition of enrollment, registration, degree progress, or record correction while this Court adjudicates Plaintiff's claims.

WHEREFORE, Plaintiff respectfully requests that the Court enter a preliminary injunction:

A. Enjoining Defendants from placing, maintaining, or enforcing any registration hold, enrollment hold, or registration restriction based on the disputed Course A findings or related sanctions, including any restriction tied to submission of compelled sanction content (Exs. L-O);

B. Enjoining Defendants from implementing, enforcing, publishing, or disseminating any additional adverse transcript action, grade or status conversion, or academic record consequence arising from the disputed Course A matter during the pendency of this action (Exs. J-K);

C. Enjoining Defendants from enforcing any compelled sanction requirement, including any integrity or reflective essay requirement, as a condition of registration, enrollment, degree progress, or record correction during the pendency of this action (Exs. D-E; Ex. L);

D. Ordering preservation of relevant records; and

E. Granting such other relief as the Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted,

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

Plaintiff,

v.

Case No. 2:26-cv-10451-LJM-DRG
Hon. Laurie J. Michelson

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; THEO NASH, in his individual and official capacities; BASIL DUFFALO, in his individual and official capacities; SEAN EDGERTON, Coordinator of Academic Integrity, Office of Student Academic Affairs (OSAA), in his individual and official capacities; CHRISTINE O'NEIL, Deputy Assistant Dean of OSAA, in her individual and official capacities,

Defendants.

**BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

This renewed motion responds directly to the Court's May 4, 2026 Order. The Court denied Plaintiff's first preliminary injunction motion because Plaintiff had not identified the elements of her claims or shown how the record satisfied those elements. (ECF No. 23, PageID.380.) The Court did not hold that Plaintiff lacked irreparable harm, that the balance of equities favored Defendants, or that the

requested relief was unavailable. This renewed motion supplies the legal showing the Court identified as missing.

The relief requested remains narrow. Defendants have tied Plaintiff's ability to enroll to compelled sanction compliance, have made Plaintiff ineligible to register for upcoming terms, and have imposed academic record consequences while meaningful review was paused and then foreclosed. (Exs. F-O; Doe Decl. ¶¶ 9-18.) Plaintiff seeks an order preserving enrollment access and academic record status while the merits are adjudicated.

## II. RELEVANT FACTS

### A. Disability Documentation and University Notice

Plaintiff has documented generalized anxiety disorder and OCD. University Health Service medical documentation confirms the diagnoses and treatment and explains that Plaintiff would benefit from testing accommodations due to anxiety. (Ex. B; Doe Decl. ¶ 4.) Services for Students with Disabilities issued accommodation letters for Plaintiff, including Course A, approving accommodations such as 150% extended time, limited-distraction testing environment, and private room. (Ex. A; Doe Decl. ¶ 5.) Treating clinicians warned OSAA that anxiety-related cognitive shutdown and communication limitations can be misread as culpability and that confirmation bias can infect an accusation process where there is no smoking gun. (Ex. C; Doe Decl. ¶ 6.)

**B. OSAA Findings and Sanctions**

On December 10, 2025, OSAA issued a responsibility finding for an integrity violation and imposed sanctions including disciplinary probation with an unofficial transcript notation and a 1,000-word reflective essay. (Ex. D; Doe Decl. ¶ 7.) On January 26, 2026, OSAA issued a further decision extending disciplinary probation through May 1, 2027 and again requiring a 1,000-word reflective essay. (Ex. E; Doe Decl. ¶ 8.)

**C. Appeal Paused, Civil Rights Review Closed, and Appeal Denied**

After Plaintiff pursued review and raised civil rights concerns, Academic Judiciary stated that Plaintiff must first complete the ECRT process and that the appeal would be paused until that investigation was complete. (Ex. F; Doe Decl. ¶ 9.) ECRT then closed the formal complaint on scope grounds. (Ex. G; Doe Decl. ¶ 10.) Academic Judiciary later denied the appeal and stated that there is no appeal beyond that decision. (Ex. H; Doe Decl. ¶ 11.)

**D. D. Enforcement Pending Appeal: Capped Rewrites, Deadlines, and Threatened Course Failure**

While review was paused and then foreclosed, the lead instructor continued to enforce remediation and grading restrictions. The instructor communications required rewrites, capped the maximum grade at 70, set compressed deadlines, and

threatened course failure for any alleged unreported use of AI. (Ex. I; Doe Decl. ¶ 12.)

**E. Transcript Harm and Grade Escalation**

Plaintiff's official transcript reflects Course A as IE (Incomplete Expired) with zero credits counted for the course. (Ex. J; Doe Decl. ¶ 13.) Plaintiff then observed and reported a later transcript notation change to E (fail), with a significant GPA impact and downstream consequences for professional and graduate opportunities. (Ex. K; Doe Decl. ¶ 14.)

**F. Enrollment Harm: March 14 Hold, March 31 Confirmation, and Ineligibility for Future Terms**

On March 5, 2026, Academic Judiciary demanded submission of the assigned academic integrity essay and threatened a registration hold if the essay was not submitted by March 14, 2026. (Ex. L; Doe Decl. ¶ 15.) Plaintiff's major advisor confirmed that Plaintiff is ineligible to enroll in future terms beginning with spring 2026. (Ex. M; Doe Decl. ¶ 16.) Plaintiff's student portal simultaneously reflects No Holds while showing an enrollment appointment on April 2, 2026. (Ex. N; Doe Decl. ¶ 17.) On March 31, 2026, Academic Judiciary confirmed that a hold was placed on Plaintiff's account, making Plaintiff ineligible to register for future terms. (Ex. O; Doe Decl. ¶ 18.)

## III. LEGAL STANDARD

Plaintiff recognizes the standard this Court already applied. A preliminary injunction is an extraordinary and drastic remedy. *James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024) (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). It should be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008). The issuance of a preliminary injunction is the exception, rather than the rule. *Higuchi Int'l Corp. v. Autoliv ASP, Inc*., 103 F.4th 400, 404 (6th Cir. 2024).

The Court considers and balances four factors: likelihood of success on the merits, irreparable injury without an injunction, substantial harm to others, and the public interest. *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 849 (6th Cir. 2017). Where there is no likelihood of success on the merits or no irreparable harm, an injunction is unwarranted. *James B. Oswald Co*., 98 F.4th at 672 (quoting *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022)). Plaintiff satisfies both threshold showings and the remaining equitable factors.

## IV. ARGUMENT

### A. Plaintiff Is Likely To Succeed On The Merits

The renewed motion supplies the element-by-element merits showing the Court found absent from the prior motion. Plaintiff is likely to succeed on her

Rehabilitation Act claim, her ADA claim, her retaliation theory, and her procedural due process claim.

*1. Rehabilitation Act: Section 504*

Section 504 prohibits a recipient of federal financial assistance from excluding a qualified individual with a disability from participation in, denying that person the benefits of, or subjecting that person to discrimination under a program or activity solely by reason of disability. 29 U.S.C. § 794(a). In this Circuit, Plaintiff must show that she is disabled, otherwise qualified, excluded from participation in or denied benefits of the program or otherwise discriminated against solely by reason of disability, and that the program receives federal financial assistance. *Knox County, Tenn. v. M.Q.*, 62 F.4th 978, 991 (6th Cir. 2023).

Plaintiff has a disability. UHS confirmed generalized anxiety disorder and OCD and medication management, and SSD approved formal accommodations. (Exs. A-B; Doe Decl. ¶¶ 3-5.) Plaintiff is otherwise qualified. She was enrolled in the University, submitted the required work, participated through written submissions, and provided drafting/version-history evidence and clinician letters during the process. (Exs. D-E.) The University also receives federal financial assistance, as alleged in the Complaint and as is not meaningfully disputed for purposes of this motion.

The causation element is also supported. Before OSAA issued its findings, Plaintiff's clinician warned that Plaintiff's anxiety can cause cognitive shutdown, confusion, and distress in high-stress adversarial settings and that those traits were being interpreted as guilt. (Ex. C.) The same letter warned that the accuser acknowledged there was no smoking gun while maintaining near certainty of guilt. (Ex. C.) Despite that warning, OSAA treated formal structure, phrasing, and analytical framing as misconduct indicators and then characterized Plaintiff's disability-related request to participate through written submissions as non-participation. (Ex. E.) On this record, Plaintiff is likely to prove that the University used disability-linked presentation and communication limitations against her in the disciplinary process and denied meaningful, disability-informed access to that process.

2. *ADA Title II and Failure To Modify*

Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in, denied the benefits of, or subjected to discrimination by a public entity. 42 U.S.C. § 12132. ADA and Section 504 claims are generally evaluated together. *Knox County*, 62 F.4th at 990. Title II regulations also require reasonable modifications to policies, practices, or procedures when necessary to avoid disability discrimination. 28 C.F.R. § 35.130(b)(7)(i).

Plaintiff is likely to satisfy those elements for the same reasons she is likely to succeed under Section 504. She is a qualified student with documented disabilities; the University is a public entity; and the record shows denial of meaningful access to a fair process. Plaintiff sought a disability-informed process and written participation in lieu of a live adversarial meeting with the accuser, a format OSAA had accepted in other phases. (Ex. E.) OSAA denied that modification and then used her nonattendance as evidence that the case was adjudicated without her participation, while simultaneously acknowledging that it reviewed her written statement. (Ex. E.) That is the type of process-based exclusion Title II prohibits.

*3. ADA and Rehabilitation Act Retaliation*

To establish retaliation, Plaintiff must show protected activity, knowledge, adverse action, and causal connection. *See A.C. ex rel. J.C. v. Shelby County Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013); *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). Plaintiff is likely to satisfy each element.

Plaintiff engaged in protected activity by requesting disability-informed treatment, submitting medical and psychological documentation, raising disability discrimination and retaliation concerns, and filing ECRT/OCR complaints. (Exs. B-C; Exs. F-G.) Defendants knew of that activity because Academic Judiciary expressly tied appeal handling to the ECRT process and ECRT processed the

complaint. (Exs. F-G.) Defendants then took adverse actions: sanctions remained in effect while the appeal was frozen, the appeal was later denied as final, the transcript reflected adverse course consequences, and Academic Judiciary confirmed a hold making Plaintiff ineligible to register for future terms. (Exs. F-H; Exs. J-O.) The sequence supports causation at this stage: the appeal freeze followed the civil rights complaints, and enforcement continued through enrollment ineligibility while those rights were being asserted.

*4. Procedural Due Process*

To state a procedural due process claim under § 1983, a plaintiff must show a protected liberty or property interest, deprivation of that interest, and constitutionally inadequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Plaintiff is likely to establish each element.

Plaintiff has protected interests in continued enrollment and avoiding significant disciplinary consequences that impair her educational record and future opportunities. State universities must afford minimum due process before significant disciplinary decisions, and long-term exclusion from the educational process clearly implicates due process. *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399-402 (6th Cir. 2017). Here, the deprivation is ongoing: disciplinary probation, transcript consequences, a permanent retained disciplinary record, and a confirmed

registration hold making Plaintiff ineligible to register for future terms. (Exs. D-E; Exs. J-O.)

The process was constitutionally inadequate. Due process requires notice, an explanation of the evidence, and a meaningful opportunity to present the student's side to an unbiased decisionmaker. *Doe v. Univ. of Cincinnati*, 872 F.3d at 399. The record shows prejudgment and confirmation bias, including the accuser's stated 99% certainty while acknowledging no smoking gun. (Ex. C.) OSAA then relied on stylistic and structural indicators without addressing Plaintiff's disability documentation and authorship evidence. (Exs. C-E.) The appeal was paused because Plaintiff invoked civil rights processes, ECRT closed the complaint on scope grounds, and the appeal was then denied as final. (Exs. F-H.) That sequence did not provide meaningful review before serious educational consequences were imposed and enforced.

5. *Preliminary Injunctions Are Regularly Granted To Preserve Enrollment And Academic Status In Student Discipline Cases*

Courts grant preliminary injunctions where university discipline threatens to interrupt enrollment or impose lasting academic consequences before judicial review. In *Doe v. University of Cincinnati*, the Sixth Circuit affirmed a preliminary injunction against suspension because the student showed a likelihood of success on due process and irreparable harm from exclusion. 872 F.3d at 401-02. The same

principles apply where a registration hold renders Plaintiff ineligible to enroll. (Exs. M-O.)

The Sixth Circuit has recognized that preliminary injunctive relief may be appropriate against the University of Michigan itself in a student-discipline case. *Doe v. Univ. of Mich*., No. 22-1654, 2023 WL 5532712, at *1 (6th Cir. Aug. 21, 2023). Other courts likewise preserve enrollment and academic status while student-discipline challenges are litigated. *See King v. DePauw Univ*., No. 2:14-cv-70, 2014 WL 4197508, at *1, *15 (S.D. Ind. Aug. 22, 2014); *Doe v. Pennsylvania State Univ*., 276 F. Supp. 3d 300 (M.D. Pa. 2017).

**B. Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief**

Irreparable harm is immediate and concrete. Plaintiff has been made ineligible to enroll in future terms beginning spring 2026, as confirmed by her major advisor. (Ex. M.) Plaintiff also had a fixed enrollment appointment on April 2, 2026, while the portal simultaneously reflected No Holds, demonstrating a system restriction that blocks enrollment access despite the public-facing label. (Ex. N.) Academic Judiciary then confirmed that a hold was placed on Plaintiff's account, making her ineligible to register for future terms. (Ex. O.) Lost enrollment windows, lost course seats, and delayed degree progress cannot be fully cured after the fact.

Plaintiff also faces ongoing academic record harm. The official transcript reflects IE (Incomplete Expired) and zero credits for Course A, and Plaintiff reports a later failing outcome with significant GPA consequences. (Exs. J-K.) These harms are time-sensitive, noncompensable, and not fully remediable after final judgment. *See Doe v. Univ. of Cincinnati*, 872 F.3d at 407 (recognizing irreparable harm where discipline threatens exclusion from education and reputational harm).

**C. The Balance Of Equities Favors Plaintiff**

The requested injunction is narrow and administrable. It preserves enrollment access and prevents additional Course A enforcement during litigation. It does not ask the Court to grade coursework, decide authorship, or order a final academic outcome. Defendants face minimal hardship from suspending enforcement of the registration restriction and academic record consequences during this case. Plaintiff faces compounding educational harm absent relief.

**D. The Public Interest Supports Injunctive Relief**

The public interest favors compliance with federal disability law and constitutional due process in public education. The public also has an interest in ensuring that public institutions do not use enrollment restrictions and academic record consequences as coercive enforcement mechanisms while review is deferred or foreclosed. (Exs. F-O.)

## V. RULE 65(C) SECURITY

Rule 65(c) provides that the Court may issue a preliminary injunction only if the movant gives security in an amount that the Court considers proper. Fed. R. Civ. P. 65(c). District courts have discretion to require no bond or only nominal security where relief preserves the status quo and poses minimal risk of monetary harm. *Moltan Co. v. Eagle-Picher Indus., Inc*., 55 F.3d 1171, 1176 (6th Cir. 1995) (citing *Roth v. Bank of the Commonw*ealth, 583 F.2d 527, 539 (6th Cir. 1978)). Plaintiff requests waiver of security or, in the alternative, nominal security.

## VI. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant the renewed motion and enter the proposed order.

Dated: July 30, 2026

Respectfully submitted,

**CARLA D. AIKENS, P.L.C.**

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Katarzyna Nowicki*