# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in his
individual and official capacities;
CHRISTINE O'NEIL, Deputy
Assistant Dean of OSAA, in her
individual and official capacities,

    Defendants.

Case No. 2:26-cv-10451-LJM-DRG

Hon. Laurie J. Michelson

## PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO EXTEND DEADLINE TO FILE AMENDED COMPLAINT

Plaintiff Jane Doe respectfully moves under Eastern District of Michigan Local Rule 7.1(h)(2)(A) and (C) for reconsideration of the Court's July 28, 2026 Order denying Plaintiff's Motion for Leave to Proceed Under Pseudonym. Plaintiff also requests, under Federal Rule of Civil Procedure 6(b)(1)(A), an immediate extension of the August 5, 2026 deadline to file an amended complaint under her

1

legal name until this motion is decided. The Order is cited by its docket and PageID references and is not attached as an exhibit.

Reconsideration is warranted on two grounds. First, the Order treated Plaintiff's asserted harm as unsupported and speculative rather than weighing the combined, concrete harm created by publicly linking her identity to allegations of academic dishonesty and compelled disclosure of mental-health, disability, treatment, and accommodation information. Second, post-Order facts that did not exist and could not have been discovered earlier now establish an acute and specific threat to Plaintiff's safety.

On August 5, 2026, Plaintiff's treating psychotherapist documented a marked escalation in Plaintiff's psychiatric condition specifically associated with the anticipated public disclosure of her identity. The clinician reports active suicidal ideation, preparatory behavior, a suicide rehearsal, daily therapy, parental monitoring, restriction of access to medication and other means, and continuing evaluation of whether a higher level of psychiatric care is required. The clinician opines that public disclosure would be expected to substantially increase Plaintiff's psychiatric symptoms and significantly elevate her risk of self-harm, including death by suicide. Ex. A.

Those newly developed facts directly answer the Order's conclusion that Plaintiff's feared harm was unsubstantiated or speculative. ECF No. 30, PageID.556.

2

The requested relief remains narrow: the Court and Defendants will know Plaintiff's identity, the merits and all judicial rulings will remain public, and only Plaintiff's legal name and direct identifying information will be withheld from the public docket.

### STATEMENT REGARDING CONCURRENCE

Pursuant to E.D. Mich. LR 7.1(a)(2)(C), concurrence was not sought because of the emergent nature of the relief requested, the Court's August 5, 2026 deadline, and the acute safety concerns documented by Plaintiff's treating clinician.

 Dated: August 5, 2026

Respectfully submitted,

*/s/ Connor B. Gallagher*
Connor B. Gallagher (P82104)
Carla D. Aikens (P69530)
CARLA D. AIKENS, P.L.C.
615 Griswold St., Suite 709
Detroit, MI 48226
connor@aikenslawfirm.com
carla@aikenslawfirm.com
Tel: (844) 835-2993
*Attorneys for Plaintiff*

3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
THEO NASH, in his individual and
official capacities; BASIL DUFFALO,
in his individual and official capacities;
SEAN EDGERTON, Coordinator of
Academic Integrity, Office of Student
Academic Affairs (OSAA), in his
individual and official capacities;
CHRISTINE O'NEIL, Deputy
Assistant Dean of OSAA, in her
individual and official capacities,

    Defendants.

Case No. 2:26-cv-10451-LJM-DRG

Hon. Laurie J. Michelson

### BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO EXTEND DEADLINE TO FILE AMENDED COMPLAINT

### CONCISE STATEMENT OF ISSUE PRESENTED

Whether reconsideration is warranted where the Court found that Plaintiff challenges governmental activity and that Defendants can defend the case without

4

public disclosure of Plaintiff's name, but denied pseudonymity after treating the asserted mental-health and reputational harm as insufficient or speculative, and newly developed post-Order clinical facts now establish that anticipated public disclosure has caused an acute psychiatric deterioration and a substantially elevated risk of self-harm and death by suicide.

Plaintiff Answers: "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

E.D. Mich. LR 7.1(h)(2)(A), (C)
Fed. R. Civ. P. 6(b)(1)(A)
Doe v. Porter, 370 F.3d 558 (6th Cir. 2004)
D.E. v. Doe, 834 F.3d 723 (6th Cir. 2016)
Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630 (6th Cir. 2005)

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUE PRESENTED..................................................4

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................5

TABLE OF CONTENTS.......................................................................................6

TABLE OF AUTHORITIES .................................................................................7

INTRODUCTION .................................................................................................8

LEGAL STANDARD............................................................................................9

ARGUMENT .......................................................................................................11

I.   Newly Developed Post-Order Clinical Facts Warrant a Different Outcome Under Local Rule 7.1(h)(2)(C). ..............................................................11

II.   The Order Made an Outcome-Determinative Mistake by Treating Plaintiff's Combined Mental-Health, Disability, Treatment, Accommodation, and Academic-Integrity Disclosures as Categorically Insufficient Under *Porter*. ....13

III.   The Court's Reliance on the Availability of Protective Orders Does Not Address the Harm Caused by Publicly Linking Plaintiff's Name to the Case Itself. 14

IV.   The Court Should Reconsider Its Conclusion That Plaintiff's Reputational and Professional Harm Is Not Cognizable Under *Porter*. ...................................15

V.   The Government-Activity Factor Carries Meaningful Weight Because Plaintiff Challenges a Public University and Public Officials. ..........................16

VI.   Defendants Will Not Be Prejudiced Because They Know Plaintiff's Identity and Can Defend the Case Fully. .............................................................17

VII.   Pseudonymity Is the Narrowest Effective Remedy. ................................18

VIII.   The Court Should Extend the Deadline to File an Amended Complaint Until This Motion Is Decided. ...............................................................................18

IX.   Correcting the Mistake and Considering the New Facts Changes the Outcome. ..............................................................................................................19

CONCLUSION....................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) ...............10
*D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016).............................................................14
*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ........................................................10

**Rules**

E.D. Mich. LR 7.1(h)(2)(A), (C) ...........................................................................9

## **INTRODUCTION**

This motion does not ask the Court to seal the case, hide the allegations, restrict access to judicial reasoning, or deprive Defendants of Plaintiff's identity. Plaintiff asks only that the public caption not permanently attach her legal name to allegations of academic dishonesty and compelled disclosure of mental-health diagnoses, treatment, and disability-related accommodations while this case challenges the actions of a public university and its officials.

The Order recognized that Plaintiff challenges governmental activity. It also acknowledged Plaintiff's position that Defendants know her identity and will suffer no litigation prejudice, but concluded that lack of prejudice was insufficient standing alone. ECF No. 30, PageID.553, 556. But the Court denied relief because it concluded that the mental-health and disability information at issue did not qualify as information "of the utmost intimacy," that the asserted stigmatic and reputational injury was unsupported, and that anticipated professional harm was not cognizable under *Porter*. *Id.* at PageID.554-57.

The record has materially changed. After the Order, Plaintiff's treating psychotherapist documented a significant psychiatric deterioration specifically tied to the anticipated public disclosure of Plaintiff's identity. Ex. A. The clinician reports active suicidal ideation and concrete preparatory behavior, including pill counting, research concerning lethality, and a suicide rehearsal. *Id.* Plaintiff's treatment has increased from weekly to daily; she requires parental monitoring,

8

restriction of access to medication and other means, frequent risk assessment, and continuing evaluation for a higher level of psychiatric care. *Id.* The clinician's professional opinion is direct: public disclosure would be expected to substantially increase Plaintiff's symptoms and significantly elevate her risk of self-harm, including death by suicide. *Id.*

The new facts arose after the Court's decision and therefore could not have been discovered earlier. They directly answer the Order's finding that Plaintiff's feared injury was unsubstantiated or speculative. The public can still evaluate the University's conduct, the legal arguments, the evidence, and the Court's rulings without knowing Plaintiff's legal name. On this record, the minimal public value of name disclosure does not outweigh a documented and acute threat to Plaintiff's life.

## **LEGAL STANDARD**

Local Rule 7.1(h)(2) governs reconsideration of non-final orders. A motion must be filed within fourteen days and may be brought where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision," or where "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(A), (C). Plaintiff proceeds under both provisions. The *Porter* analysis before the Court was practical and non-exclusive, and the newly developed

9

clinical evidence also warrants a different outcome because it did not exist before the Order.

Federal Rule of Civil Procedure 10(a) generally requires a complaint to name the parties. But the Sixth Circuit recognizes that district courts may excuse public identification when a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). *Porter* identifies non-exclusive considerations, including whether the plaintiff challenges governmental activity, whether litigation will compel disclosure of information "of the utmost intimacy," whether litigation compels disclosure of an intention to violate the law and risk criminal prosecution, and whether the plaintiff is a child. *Id.* Courts may also consider whether anonymity would prejudice defendants by leaving them without enough information to defend. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court, for good cause, to extend a deadline on a request made before the original time expires. Good cause exists to extend the August 5, 2026 amended complaint deadline because requiring public identification before this motion is decided would moot the requested relief and trigger the exact harm the motion seeks to prevent.

## ARGUMENT

### I.    Newly Developed Post-Order Clinical Facts Warrant a Different Outcome Under Local Rule 7.1(h)(2)(C).

The August 5, 2026 clinical letter presents new facts within the plain language of Local Rule 7.1(h)(2)(C). The facts did not exist before the July 28th Order. The treating psychotherapist explains that, as the case progressed toward compelled public identification, Plaintiff's condition markedly worsened and the anticipated disclosure became the primary focus of her distress rather than the mere existence of litigation. Ex. A. Because the deterioration occurred after the Order, no amount of reasonable diligence could have produced these facts earlier.

The new evidence directly addresses the basis for the Court's ruling. The Order characterized Plaintiff's feared stigmatic and reputational injury as unsupported and speculative. ECF No. 30, PageID.556. The treating clinician now identifies a specific causal relationship between anticipated public disclosure and escalating suicidality. Ex. A. She documents active suicidal ideation, persistent thoughts of death and hopelessness, preparatory behavior, and a suicide rehearsal. *Id.* She further reports that Plaintiff now requires daily therapy, a comprehensive safety plan, frequent risk assessment, parental monitoring, restricted access to medication and other potential means of self-harm, and evaluation for a higher level of psychiatric care. *Id.*

11

Most importantly, the clinician opines that public disclosure of Plaintiff's identity would be expected to substantially increase her psychiatric symptoms and significantly elevate her risk of self-harm, including death by suicide. *Id.* The clinician also distinguishes that risk from the general stress of litigation: the escalation is specifically associated with anticipated public identification. *Id.* This is concrete, individualized clinical evidence of a present safety risk, not ordinary embarrassment or a generalized fear of future professional scrutiny.

The November 2025 clinical letters provide context for the newly developed escalation. They show an established treatment relationship and document that Plaintiff's anxiety, perfectionism, cognitive distress, and concerns about being perceived as dishonest were already intertwined with the academic-integrity process. Exs. B-C. Plaintiff offers the earlier letters to establish the clinical continuity and foundation for the treating psychotherapist's August 5 assessment of the newly intensified risk.

These post-Order facts warrant a different outcome. The public interest in access remains fully protected because the proceedings, allegations, evidence, arguments, and rulings will remain public. Defendants know Plaintiff's identity. Against that structure, requiring disclosure of Plaintiff's legal name would add little public value while creating a clinically documented and potentially fatal risk.

**II.    The Order Made an Outcome-Determinative Mistake by Treating Plaintiff's Combined Mental-Health, Disability, Treatment, Accommodation, and Academic-Integrity Disclosures as Categorically Insufficient Under *Porter*.**

The Order correctly found that Plaintiff challenges governmental activity because she sued the University of Michigan and several public officials. ECF No. 30, PageID.553. That factor weighs in Plaintiff's favor. The issue occurred in assessing the second factor and the related risk of harm. Plaintiff did not argue merely that she would prefer to avoid embarrassment or that every disability-discrimination plaintiff should proceed anonymously. Her position was narrower: this case will publicly connect her name to mental health diagnoses, treatment, disability-related accommodations, and an academic-integrity charge accusing her of dishonesty involving artificial intelligence.

The Order addressed those interests separately and concluded they were insufficient. *Porter*, however, calls for balancing the actual privacy interest and risk presented by the case, not isolating each component and rejecting it in the abstract. 370 F.3d at 560. The accusation here concerns honesty, professionalism, and fitness for future educational and professional opportunities. It is inseparable from Plaintiff's mental-health and disability evidence because Plaintiff alleges that disability-related writing traits were misinterpreted as artificial intelligence use and treated as misconduct. Litigating the claim will therefore require public discussion

13

of the same mental-health and accommodation evidence that makes public name-linkage uniquely destabilizing.

The cases cited in the Order do not create a categorical rule that mental-health information, professional injury, or academic-integrity allegations can never support anonymity. *D.E. v. Doe* rejected anonymity where the plaintiff did not articulate concerns outweighing openness and where potential employer scrutiny was insufficient on that record. 834 F.3d 723, 728 (6th Cir. 2016). *D.E.* did not involve a treating clinician's post-order assessment that public identification had become a central driver of active suicidality and would significantly increase the risk of death by suicide. The present record is materially different.

Once Plaintiff's legal name appears on the searchable public docket, later success on the merits cannot restore her privacy or undo the resulting psychiatric injury. The harm is irreversible in precisely the way pseudonymity is designed to prevent. Correcting the Court's treatment of the combined interest, together with the new clinical facts, changes the balance.

### III. The Court's Reliance on the Availability of Protective Orders Does Not Address the Harm Caused by Publicly Linking Plaintiff's Name to the Case Itself.

The Order reasoned that Plaintiff's medical and disability information can be protected through ordinary protective orders. ECF No. 30, PageID.554. That is true

14

as to discovery materials or particular exhibits. It does not address the harm caused by requiring Plaintiff's legal name in the caption and amended complaint.

A protective order cannot prevent the public docket from showing that Plaintiff, by name, sued over alleged academic misconduct involving AI and mental-health disability accommodations. Nor can it prevent search engines, background-check services, licensing entities, graduate programs, employers, or members of the public from connecting Plaintiff's identity to the allegations before the merits are adjudicated. The August 5 letter confirms that this name-linkage itself, rather than confidential discovery materials, is the clinical trigger. Ex. A.

Plaintiff seeks only to keep her legal name and direct identifiers off the public docket while providing them to the Court and Defendants. *Porter* affirmed a comparable protective-order structure because defense counsel retained the information needed for trial preparation while public disclosure was limited. 370 F.3d at 561. That same structure is available here.

IV. **The Court Should Reconsider Its Conclusion That Plaintiff's Reputational and Professional Harm Is Not Cognizable Under *Porter*.**

The Order concluded that the effect of academic-dishonesty allegations on Plaintiff's professional future was not a legally cognizable consideration under *Porter*. ECF No. 30, PageID.556. Respectfully, *Porter's* considerations are not exclusive, and Sixth Circuit authority recognizes that courts may consider the harm

15

identification would cause and whether anonymity would prejudice the opposing party. *Citizens*, 123 F. App'x at 636; *Porter*, 370 F.3d at 560-61.

Plaintiff does not dispute that ordinary embarrassment and speculative employer scrutiny are insufficient. The new evidence now demonstrates something different: the anticipated public association of Plaintiff's name with dishonesty allegations has become psychologically intertwined with her core moral identity, professional aspirations, and sense that her life remains worth living. Ex. A. The resulting harm is medically documented, current, and specific to public identification.

The public has a legitimate interest in whether a public university and its officials complied with federal disability law and due process. The public does not need Plaintiff's legal name to evaluate what the University did, what procedures were used, whether disability-related evidence was considered, whether the process was fair, or whether federal law was violated. Plaintiff's legal name adds little to public understanding while imposing a substantial and irreversible risk on an individual student.

**V.     The Government-Activity Factor Carries Meaningful Weight Because Plaintiff Challenges a Public University and Public Officials.**

The Order properly held that Plaintiff challenges governmental activity. ECF No. 30, PageID.553. That finding should meaningfully affect the balance. Plaintiff sued the Regents of the University of Michigan and University officials for alleged

16

violations of the Rehabilitation Act, the Americans with Disabilities Act, and procedural due process. The public's interest is strongest in the conduct of those governmental Defendants, not in Plaintiff's identity.

Permitting Plaintiff to proceed under a pseudonym would not reduce accountability. Defendants' names, positions, alleged conduct, and defenses remain public. The pleadings, evidence, legal arguments, and Court's rulings remain public. The public can assess whether the University handled disability-related academic-integrity issues lawfully and fairly without Plaintiff's legal name.

## VI. Defendants Will Not Be Prejudiced Because They Know Plaintiff's Identity and Can Defend the Case Fully.

Defendants already know Plaintiff's identity and participated in the underlying academic-integrity process. They possess or can obtain the relevant educational, disciplinary, accommodation, and medical information through ordinary litigation procedures. Public disclosure of Plaintiff's name therefore does not advance Defendants' ability to investigate, prepare witnesses, assess damages, or present defenses.

Nor does pseudonymity create unfair asymmetry. Plaintiff will disclose her identity to the Court and Defendants, sit for discovery, and comply with all litigation obligations. The requested order affects only public disclosure. Porter specifically rejected a litigation-prejudice argument where the protective order allowed defense counsel access to the information necessary to litigate. 370 F.3d at 561.

17

### VII. Pseudonymity Is the Narrowest Effective Remedy.

Plaintiff proposes the same narrow framework described in her initial motion, with document-specific protection for sensitive medical material:

1. Plaintiff may proceed publicly as "Jane Doe" in the caption and public filings.

2. Plaintiff shall file under seal a notice identifying her true name and contact information.

3. Public filings shall remain public except that Plaintiff's legal name and direct identifying information may be redacted.

4. Any future request to seal medical, mental-health, disability, or educational records will comply with Local Rule 5.3 on a document-by-document basis.

This approach preserves everything the public has a right to evaluate while withholding only the identifying information that creates the documented safety risk. Because the harm arises from public name-linkage, no lesser remedy is adequate.

### VIII. The Court Should Extend the Deadline to File an Amended Complaint Until This Motion Is Decided.

The Order requires Plaintiff to file an amended complaint under her legal name by August 5, 2026. ECF No. 30, PageID.557. Plaintiff filed this request before that deadline and seeks an extension under Rule 6(b)(1)(A). Good cause is compelling. Filing the amended complaint under Plaintiff's legal name before the Court decides reconsideration would publicly disclose her identity, moot the requested relief, and expose her to the precise acute risk documented in Exhibit A.

18

A temporary extension preserves the Court's ability to decide the motion meaningfully and imposes no prejudice on Defendants, who already know Plaintiff's identity.

## IX. Correcting the Mistake and Considering the New Facts Changes the Outcome.

Reconsideration under Local Rule 7.1(h)(2)(A) requires an outcome-determinative mistake, and subsection (C) requires new facts warranting a different outcome. Both requirements are met. Plaintiff challenges governmental activity. Litigation requires discussion of mental-health diagnoses, treatment, and disability accommodations. The public allegations accuse Plaintiff of academic dishonesty. Defendants know her identity and can defend the case. The public retains full access to the substance of the litigation.

The newly developed evidence now adds a concrete and acute safety risk directly linked to public disclosure. On the corrected and current record, Plaintiff's privacy and safety interests substantially outweigh the limited public interest in knowing her legal name.

## **CONCLUSION**

Plaintiff respectfully requests that the Court: (1) immediately extend the August 5, 2026 deadline to file an amended complaint under her legal name until this motion is decided; (2) grant reconsideration; (3) vacate the portion of the July

28, 2026 Order requiring public identification; (4) permit Plaintiff to proceed publicly as "Jane Doe"; (5) authorize Plaintiff to file her true name and identifying information under seal and disclose them to Defendants subject to appropriate protections; and (6) grant any other relief the Court deems just and proper.

Dated: August 5, 2026                    Respectfully submitted,

                                         /s/ Connor B. Gallagher
                                         Connor B. Gallagher (P82104)
                                         Carla D. Aikens (P69530)
                                         CARLA D. AIKENS, P.L.C.
                                         615 Griswold St., Suite 709
                                         Detroit, MI 48226
                                         connor@aikenslawfirm.com
                                         carla@aikenslawfirm.com
                                         Tel: (844) 835-2993
                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause through the Court's ECF system on August 5, 2026.

*/s/ Katarzyna Nowicki*

20